UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.	CRIMINAL ACTION NOS. 2:05-00107-01
	2:05-00107-02

GEORGE LECCO
VALERIE FRIEND

MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion for a bill of particulars with respect to the notice of special findings of the grand jury and notice of intent to seek the death penalty ("pending motion"), filed September 18, 2006.[1]

I.

On August 16, 2006, the government filed notices of intent to seek the death penalty relating to each defendant respecting Counts Eleven and Twelve, which allege separately (1) murder with a firearm, during and in relation to a cocaine conspiracy, causing the death of Carla Collins, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), and (2) killing a person

---

[1] Although the motion appears to have been filed originally only by defendant George Lecco, defendant Friend joined the motion orally at the November 17, 2006, pretrial motions hearing.

for aiding a federal investigation, in violation of 18 U.S.C. §§ 1121(a)(2) and 2.

The notice relating to defendant Lecco specifies as follows regarding certain factors justifying the ultimate sanction:

> [1]B. Defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim, Carla Collins, died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));
>
> [1]C. Defendant intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Carla Collins, died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).
>
> . . . .
>
> [3]A. Obstruction of justice: Collins was murdered because she was suspected of providing information about cocaine distribution to law enforcement officers. Defendant committed the offenses set out in Counts Eleven and Twelve of the Third Superseding Indictment to prevent the victim from providing any additional information and assistance to law enforcement authorities regarding a criminal investigation, to retaliate against the victim for having provided assistance to law enforcement authorities with information regarding defendant's criminal activity, or both.

(Lecco Not. of Intent ¶¶ 1A, 1B, 3A). The same content appears in the notice relating to defendant Friend at paragraphs 1D and

1E and 3A.  (Friend Not. of Intent ¶¶ 1D, 1E, 3A).[2]

The third superseding indictment contains allegations that defendant Lecco:

> 2. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim died as a result of the act (18 U.S.C. § 3591(a)(2)(C));
>
> 3. Intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

(Third Supersed. Indict. at 15).  The same allegations appear as to defendant Friend at paragraphs 4-5 of the third superseding indictment.  (Third Supersed. Indict. at 16).

---

[2]Both notices also list the non-statutory aggravating factor of victim impact as follows:

> Defendant caused injury, harm, and loss to the victim and to the victim's family and friends as demonstrated by the impact of death upon the victim's family and friends. The United States intends to present evidence concerning that effect, which may include oral testimony, victim impact statements, and evidence of the extent and scope of the injury and loss suffered by the victim' [sic] family.

(Lecco Not. of Intent ¶ 3B); (Friend Not. of Intent ¶ 3B).

Regarding the notice allegations, the pending motion lodges the following requests:

> 1. As to proportionality factor 1.B, please list with particularity any and all facts that would give notice to the defense of what "act" that Mr. Lecco performed that he contemplated that the life of a person would be taken or intended that lethal force be used.
>
> 2. As to proportionality factor 1.C, please state with particularity any and all facts that would give notice to the defense of what "act of violence" Mr. Lecco "engaged in" . . . " knowing that the act created a grave risk of death to a person" which "constituted a reckless disregard for human life and the victim, Carla Collins . . ."
>
> 3. As to non-statutory aggravator "A: Obstruction of justice," list with particularity what "information about cocaine distribution" was being provided by Carla Collins to "law enforcement officers" regarding the defendant George Lecco or others beyond what he himself had admitted to and when such information was provided and to whom it was provided.
>
> 4. As to non-statutory aggravator "A: Obstruction of justice," list with particularity what "additional information and assistance" to law enforcement, if any, Carla Collins was offering or offering to procure beyond what Mr. Lecco himself had admitted to and when such information was to be provided or gathered and to whom it was to be provided.
>
> 5. As to "A: Obstruction of justice," what assistance to law enforcement was provided regarding George Lecco that would be in addition to the information Mr. Lecco had already provided on himself.

(Mot. at 3-4). The necessity, in part, for the information sought is disclosed further in the pending motion:

> The extraordinary scope of the allegations require a huge investment of time, energy and expense by the defense in order to rebut what defendant maintains are vague and overbroad allegations. To investigate every

4

> conceivable Federal criminal investigation matter in the Mingo County area would be mind-boggling.

(Id. at 4).

At the pretrial motions hearing, defendant Friend additionally requested an outline of penalty-related evidence with greater specificity concerning all of the alleged statutory and non-statutory aggravating factors specified in the notices. Within a motion to dismiss the special findings and to strike the death notice, defendant Friend further contends as follows:

> For Defendants to prepare adequately in this case, the Court should grant a bill of particulars or other appropriate notice, ordering the government to provide the same detail as was ordered in [United States v.] Glover, [43 F. Supp. 1217, 1232 (D. Kan. 1999)] or, alternatively, and at the very least, to specifically provide written notice of the following: (1) with respect to each person or act or event referred to in the death penalty notice, identifying the name of each person and the date, place and general nature of each act or event; (2) specifying the general nature of the evidence it intends to rely on to support a finding that defendants a)"procured the commission of the offense by payment, or promise of payment" or b) received "pecuniary value" or c) committed the offense "after substantial planning and premeditation," or d) committed the offense in a "heinous, depraved or cruel" manner; or e) caused "injury harm and loss" to the victim's family.

(Mot. to Dismiss at 69).

The government responds to the pending motion with a general legal discussion concerning the disfavored status of

5

requests for particulars in the ordinary criminal case. It additionally contends, <u>inter</u> <u>alia</u>, as follows: (1) the notices sufficiently outline both the statutory and non-statutory aggravating factors relied upon, (2) defendants seek more than the "fair notice" required by Supreme Court precedent, requesting both additional discovery and disclosure of the government's trial and punishment theories, (3) inasmuch as the government has specified the factors upon which it relies, due process requires no more, (4) discovery, grand jury testimony, and background checks of both defendants have been provided and are the functional equivalent of the requested bill of particulars, (5) courts have previously denied the same type of relief sought here, and (7) a bill of particulars would strictly limit the government's proof at the sentencing stage.

II.

Title 18 U.S.C. § 3593(a) provides pertinently as follows:

> If, in a case involving an offense described in section 3591, the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified under this chapter, the attorney shall, a reasonable time before the trial or before acceptance by the court of a plea of guilty, sign and file with the court, and serve on the

>    defendant, a notice--
>
>    (1) stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and that the government will seek the sentence of death; and
>
>    (2) setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death.
>
> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information. The court may permit the attorney for the government to amend the notice upon a showing of good cause.

18 U.S.C. § 3593(a).

Defendants challenge the general nature of the government's allegations in service of section 3593(a). Defendant Lecco contends that Lankford v. Idaho, 500 U.S. 110 (1991), requires fair notice of the details he requests, consistent with due process. Lankford is readily distinguishable, however, involving, inter alia, a trial judge's rather abrupt imposition of the ultimate sanction after providing essentially no notice of the aggravating factors relied upon. Additionally, the state had previously foregone death as a

desired sentence. The Supreme Court held the sentencing process violated the Due Process Clause inasmuch as Lankford and his counsel lacked adequate notice that he might be sentenced to death. Those same considerations are absent here.

Some general observations from <u>Lankford</u>, however, are worthy of note:

> The question . . . is whether it can be said that counsel had adequate notice of the critical issue that the judge was actually debating. Our answer to that question must reflect the importance that we attach to the concept of <u>fair notice as the bedrock of any constitutionally fair procedure</u>. Justice Frankfurter eloquently made this point in <u>Joint Anti-Fascist Refugee Comm. v. McGrath</u>, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951):
>
> > . . . .
> >
> > "Man being what he is cannot safely be trusted with complete immunity from outward responsibility in depriving others of their rights. At least such is the conviction underlying our Bill of Rights. That a conclusion satisfies one's private conscience does not attest its reliability. The validity and moral authority of a conclusion largely depend on the mode by which it was reached. Secrecy is not congenial to truth-seeking and self-righteousness gives too slender an assurance of rightness. <u>No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it. Nor has a better way been found for generating the feeling, so important to a popular government, that justice has been done.</u>"

Id. at 120-22 (citations omitted) (emphasis supplied). Hearkening back to an earlier opinion in Gardner v. Florida, 430 U.S. 349 (1977), the Supreme Court in Lankford additionally observed as follows:

> The plurality opinion, like the opinion concurring in the judgment, emphasized the special importance of fair procedure in the capital sentencing context. We emphasized that "death is a different kind of punishment from any other which may be imposed in this country."

Id. at 125.

Balanced against the foregoing, somewhat expansive notions of what due process requires are other, more circumscribed views specific to the particular situation involving a challenge to the specificity of a death notice. By example, our court of appeals has observed as follows:

> The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor, which Higgs admittedly received in this case, not notice of the specific evidence that will be used to support it. See 18 U.S.C.A. § 3593(a) (requiring only that the government's notice "set[ ] forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death"); United States v. Battle, 173 F.3d 1343, 1347 (11th Cir.1999) (observing that notice given to a defendant of the applicable aggravating factors in a death penalty case is not the same as notice of the specific evidence that the government intends to present at a sentencing hearing), cert. denied, 529 U.S. 1022, 120 S. Ct. 1428, 146 L.Ed.2d 318 (2000); cf. Gray v. Netherland, 518 U.S. 152, 167-68, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996)

9

>  (noting that there is <u>no constitutional right to advance notice of the government's evidence in aggravation at a capital sentencing hearing</u>).

<u>United States v. Higgs</u>, 353 F.3d 281, 325 (4th Cir. 2003) (emphasis supplied).  The Supreme Court has also observed that "it has always been the Court's view that the notice component of due process refers to the charge rather than the evidentiary support for the charge."  <u>United States v. Agurs</u>, 427 U.S. 97, 113 n.20 (1976) (emphasis added) (citation omitted).

      Nevertheless, a number of courts have sought an appropriate, discretionary middle ground of sorts that requires further disclosure to defendants short of the evidentiary detail they, as here, often request via a bill of particulars.  <u>See</u>, <u>e.g.</u>, <u>United States v. Llera Plaza</u>, 179 F. Supp.2d 464, 492 (E.D. Pa. 2001) ("The government is ordered to provide to the court and the defendants an outline summarizing (and, to the extent necessary, explaining the pertinence of) the information it intends to introduce to establish the aggravating factors listed in the Amended Notices of Intent to Seek the Death Penalty."); <u>United States v. Minerd</u>, 176 F. Supp.2d 424, 448 (W.D. Pa. 2001) (noting authority for requiring more specificity regarding the notice, but observing the notice and indictment together "sufficiently advise[d] the defendant of the charges he must be

prepared to defend"); United States v. Bin Laden, 126 F. Supp.2d 290, 304 (S.D.N.Y. 2001) (observing "[a]n oblique reference to victims' 'injury, harm, and loss,' without more does nothing to guide Defendants' vital task of preparing for the penalty phase of trial."); United States v. Glover, 43 F. Supp.2d 1217, 1236 (D. Kan. 1999) ("As to each specific aggravator, the government is directed to amend its Notice of Intent to Seek the Death Penalty to specifically articulate the factual basis for each aggravator, as more fully set forth in this order . . . .").

A somewhat similar course of action is appropriate here. As stated in Llera Plaza, a defendant ought to be permitted "'a meaningful opportunity to present a complete defense.'" Llera Plaza, 179 F. Supp.2d at 472 (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)).

The court, accordingly, ORDERS that the government be, and it hereby is, directed to submit an outline to the defendants and the court summarizing the information it intends to use to establish the factors set forth in the notices. For purposes of compliance with this order, the court, like another confronted with the prospect of perhaps requiring too much detail, notes that it "envisions a document that is akin to an informative outline, but not a revelation of evidentiary detail or the

Government's theory of its case." <u>United States v. Bin Laden</u>, 126 F. Supp.2d 290, 304-05 (S.D.N.Y. 2001). The court stresses that it is not ordering, nor does it contemplate, amendment of the notices. Additionally, it is not granting a bill of particulars.

The court further ORDERS that the pending motion be, and it hereby is, granted insofar as it is consistent with the foregoing order and denied as to its residue.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: February 9, 2007

John T. Copenhaver, Jr.
United States District Judge