```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NOS. 2:05-00107-01
                                                     2:05-00107-02

GEORGE LECCO and
VALERIE FRIEND

## MEMORANDUM OPINION AND ORDER

On December 3, 2007, the court entered a sealed memorandum opinion and order addressing an alleged irregularity involving a juror who served during the guilt and sentencing phases.

The court does not here revisit the circumstances surrounding the subject juror, inasmuch as the December 3, 2007, sealed memorandum opinion and order, along with other redacted documents entered on the public docket today, adequately develop the matter.

As noted by the court in that sealed memorandum opinion and order, the sealing of court records and proceedings is a matter of utmost concern. The "[p]ublicity of [court] . . . records [and proceedings] . . . is necessary in the long run so that the public can judge the product of the courts in a given

case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). This interest would seem especially important in the context of a capital prosecution wherein there is an allegation of an irregularity tainting the process that resulted in two death verdicts.

The right of public access to court documents derives from two separate sources: the common law and the First Amendment. Additionally, the First Amendment guarantees the public and the media the right to attend criminal proceedings. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603 (1982); United States v. Soussoudis (In re Washington Post Co.), 807 F.2d 383, 388 (4th Cir. 1986). The common law right of access affords presumptive viewing of all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).

Submitted documents within the common-law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). Quoting Knight, our court of appeals observed recently as follows:

Some of the factors to be weighed in the common law

2

> balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235) (emphasis supplied).

Assuming the First Amendment right applies to the particular documents for which a sealing order is sought, the movants' burden is more substantial. To obtain a sealing order under the First Amendment rubric, the movants must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Virginia, 386 F.3d at 573; Stone, 855 F.2d at 180.

As noted in the December 3, 2007, sealed memorandum opinion and order, the parties sought sealing orders respecting a number of their filings. As noted by the court in that memorandum opinion, the sealing requests presented very difficult issues at both ends of the spectrum and points between. At one extreme, if the subject documents and proceedings were sealed, the public would be denied the opportunity to assess the proper

3

functioning of the criminal case judicial process in the midst of allegations of juror and possibly governmental misconduct.

At the other end of the spectrum, release of the subject juror's identity and the misdeeds of which he is and was accused would no doubt impact his privacy interests and community standing in very substantial ways. The court also noted an awareness of the policy promulgated by the Administrative Office of the United States Courts to protect juror identities. See Admin. Off. of the U.S. Courts, Criminal Implement. Guid. § III (Mar. 2004) ("The following documents shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access: . . . documents containing identifying information about jurors or potential jurors . . . .").[1]

Ultimately, the court held in abeyance a final decision on the matter of sealing pending an opportunity for the subject juror to be heard concerning public access. The subject juror was unaware of these proceedings until December 13, 2007. He did not have an opportunity to be adequately heard on the matter of

---

[1] The cited policy appears designed to protect jurors who serve without incident. The court concludes the policy must yield when a juror is accused of serious misconduct that might result in his or her prosecution.

4

public access until today, when he appeared with his attorney in court. It is noted that the subject juror, by counsel, offered only generalized concerns respecting his privacy when asked for his views on the matter of continued sealing.

Balancing these concerns against the presumptive right of public access, as more fully reflected on the record at today's hearing, the court found that the public's right of access, with one limited exception, outweighed the subject juror's privacy interests. With the exception of redacting the nature of the now-terminated investigation of the subject juror by the United States, it is ORDERED that the December 3, 2007, sealed memorandum opinion, and the May 23, December 13, and December 17, 2007, hearing transcripts be, and they hereby are, unsealed and spread on the public docket.

The Clerk is directed to send a copy of this written opinion and order to all counsel of record and to attorney Clinton W. Smith.

DATED: December 17, 2007

John T. Copenhaver, Jr.
United States District Judge