```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                   CRIMINAL ACTION NOS. 2:05-00107-01
                                                          2:05-00107-02

**GEORGE LECCO and**
**VALERIE FRIEND**

<u>MEMORANDUM OPINION AND ORDER</u>

Disposition in this matter was previously scheduled for November 28, 2007. Title 18 U.S.C. § 3596(a) provides as follows:

> A person who has been sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence. When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed. If the law of the State does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law.

18 U.S.C. § 3596(a). The parties appeared to contemplate in their pre-disposition filings that the court would, during disposition, designate the state, and thus the execution protocol, that would ultimately result in implementation of the sentence imposed.

The government's sentencing memorandum observes that West Virginia does not impose or implement capital sentences. Pursuant to section 3596(a), the government requests that the court designate Indiana as the state of implementation, with sentence executed at the federal penitentiary in Terre Haute, the facility it contends is designated by the Bureau of Prisons for individuals convicted of federal capital crimes.

In response, defendant Friend, joined by defendant Lecco, notes the existence of "the lethal injection execution chamber built by the Bureau of Prisons" at Terre Haute. (Def. Friend's Resp. at 1). In view of this apparent manner of execution used at Terre Haute, defendants "request[] that the Court defer sentencing until such time as the constitutionality of lethal injection is decided by the United States Supreme Court." (Id. at 1).

As noted by defendants, the Supreme Court presently has under consideration whether the method of execution commonly known as lethal injection is consistent with constitutional requirements. See Baze v. Rees, 128 S.Ct. 34, amended, 128 S.Ct. 372 (2007). Indeed, the Supreme Court has granted stays of execution in cases involving lethal injection challenges since its grant of certiorari in Baze. See, e.g., Berry v. Epps, No.

07-7348, 2007 WL 3156229, at *1 (U.S. Oct. 30, 2007); <u>Emmett v. Johnson</u>, No. 07A304, 2007 WL 3018923, at *1 (U.S. Oct. 17, 2007).

Having considered the parties' respective arguments, and inasmuch as the issue is one of significance, the court ORDERS that the dispositions in these actions be, and they hereby are, stayed pending the entry of a decision in <u>Baze</u> by the Supreme Court.

The Clerk is directed to forward copies of this written opinion and order to the defendants, all counsel of record, the United States Probation Officer, and the United States Marshal.

DATED: January 15, 2008

_____
John T. Copenhaver, Jr.
United States District Judge