```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.    CRIMINAL ACTION NOS. 2:05-00107-01
                           2:05-00107-02

**GEORGE LECCO and**
**VALERIE FRIEND**

### MEMORANDUM OPINION AND ORDER

On May 4, 2009, the court entered a sealed memorandum opinion and order addressing defendants' second motion for new trial. At 3:00 p.m. the same day, the court heard counsel for the parties during a telephonic conference respecting any proposed redactions to the memorandum opinion and order.

The court was previously made aware of the subject juror's general objection to public access during the evidentiary hearings held in this matter. The court considered those concerns in assessing the privacy issues presented in the case.

During the May 4, 2009, telephonic conference, the United States proposed additionally that the court redact the following information from the memorandum opinion and order:

1. Twenty-one words on page 3, at lines 1 through 3, beginning with "at a time" and ending with "picked up

      by";

2. Twenty-four words on page 3, at lines 6 through 8, beginning with "and" and ending with "the home";

3. Five words on page 18, footnote 6, beginning with "as" and ending with "old"; and

4. Five words on page 42, beginning with "at" and ending with "age".

Defendants offered no requests for redaction and opposed the United States' limited proposal for confidentiality. As noted by the court at multiple points during the pendency of these criminal cases, the sealing of court records and proceedings is a matter of utmost concern. The "[p]ublicity of [court] . . . records [and proceedings] . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). This interest would seem especially important in the context of a capital prosecution wherein there is an allegation of an irregularity tainting the process that resulted in two death verdicts.

The right of public access to court documents derives from two separate sources: the common law and the First Amendment. See Globe Newspaper Co. v. Superior Court, 457 U.S.

596, 603 (1982); United States v. Soussoudis (In re Washington Post Co.), 807 F.2d 383, 388 (4th Cir. 1986). The common law right of access affords presumptive viewing of all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).

Submitted documents within the common-law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). Quoting Knight, our court of appeals observed recently as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235) (emphasis supplied).

Assuming the First Amendment right applies to the particular documents for which a sealing order is sought, a sealing proponent's burden is more substantial. To obtain a

3

sealing order under the First Amendment rubric, a movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Virginia, 386 F.3d at 573; Stone, 855 F.2d at 180.

       The redaction requests submitted by the United States, though limited in scope and presented out of an expressed concern that the offending juror not be unduly chastised, would deny the general public an awareness of all facts bearing upon the decision to grant a new trial.  Without those facts, it would be difficult to assess the proper functioning of the criminal case judicial process in the midst of allegations of juror misconduct.  In particular, the subject juror's contacts with law enforcement, the gravity of the investigation to which he was subjected, and the effect the contacts and investigation may have had on his jury service substantially inform application of at least one facet of the standard governing the propriety of a new trial, namely, whether his "'motives for concealing information' or the 'reasons that affect [his] . . . impartiality can truly be said to affect the fairness of [the] trial.'"  Conaway v. Polk, 453 F.3d 567, 588 (4th Cir. 2006).

       It is doubtless the case, as advanced earlier in these proceedings by the subject juror, that the relevant facts and

circumstances surrounding his misconduct may impact his privacy interests and community standing.  Balancing those concerns against the presumptive right of public access, however, and his unmitigated blameworthiness necessitating new trials in these complex and expensive criminal proceedings, the subject juror's privacy interests must yield to the general public's right to know all facts bearing upon the necessity for a new trial.

The court, accordingly, ORDERS that the United States' requests for redactions be, and they hereby are, denied.

The Clerk is directed to send a copy of this written opinion and order to all counsel of record.

DATED:  May 5, 2009

_____
John T. Copenhaver, Jr.
United States District Judge

5