IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA :
:
:
v. : Criminal Action No. 2:05-00107-1
:
GEORGE M. LECCO, and :
VALERIE FRIEND, :
        Defendants :
:

### DEFENDANT LECCO'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO RECONSIDER EVIDENTIARY RULING BASED ON POST-TRIAL FOURTH CIRCUIT DECISION

The government has moved the Court to reconsider its ruling in the first trial excluding testimony by Charles Kinder as to alleged admissions by Valerie Friend. It is unable to cite to the actual ruling in the record of the first trial, which places counsel for Mr. Lecco at a disadvantage, since current counsel does not know the basis of the court's ruling, even as to whether the testimony was excluded under the Confrontation Clause or the Rules of Evidence. This is notable, since the government relies on the intervening decision in *United States v. Jordan*, 509 F.3d 191 (4th Cir. 2007), to justify the Court's reconsideration of the issue despite the doctrine of "law of the case."

<u>Necessity For Filing Separate Memorandum</u>

The arguments defendant Lecco makes as to the admissibility of Mr. Kinder's recitation of Ms. Friend's alleged statements are, by definition, not applicable to Ms. Friend. Under the Rules of Evidence, the admissibility of a defendant's self-inculpatory statements is categorically

1

different than the admissibility of those same statements against a codefendant.

Argument

While *Jordan* would justify this reconsideration in relation to the Confrontation Clause question -- indeed, defendant Lecco concedes that the Confrontation Clause does not bar Mr. Kinder's testimony, because Ms. Friend's alleged statement to Mr. Kinder is not "testimonial" -- it would not justify reconsideration of the court's prior ruling excluding the testimony under the Rules of Evidence, for *Jordan* provided no new law on that point.

Specifically, the government seeks admission of Ms. Friend's alleged statement to Mr. Kinder, which implicates both her and Mr. Lecco in the murder of Carla Collins. Mr. Kinder's testimony, of course, would be hearsay. Whether or not that testimony would be admissible against Ms. Friend, it plainly would not be admissible against Mr. Lecco.

According to the government, Mr. Kinder would testify as to only one matter relevant to Mr. Lecco's guilt or, if convicted, to the sentencing determination.[1] The government asserts that Mr. Kinder would testify that Ms. Friend told him that "she killed Ms. Collins for defendant George Lecco, because Collins had been working as an informant for law enforcement against

---

[1] The government's description of Ms. Friend's statement to Mr. Kinder -- that "[s]he admitted to a cold-blooded, merciless reply to Collins when she asked for an opportunity to pray to God . . . ," Gov't Memorandum, p. 11 -- is irrelevant to the case against Mr. Lecco, and highly prejudicial to him. The government has quite properly not alleged the heinous, atrocious and cruel aggravating factor against him, since, even under the government's theory and evidence, Mr. Lecco was not at the scene of the crime and did not propose that she be killed this way, nor that her dying wish to pray be rejected.

Moreover, were this testimony admitted against Ms. Friend, it would provide further argument in favor of severance. The prejudice flowing from the admission of this statement could not be cured by a jury instruction. *See Bruton v. United States*, 391 U.S. 123, 138 (1968) (reversing conviction based on introduction of co-defendant's self-inculpatory statement, despite instruction jury could not consider it against Bruton).

Lecco."  Again according to Mr. Kinder, Ms. Friend told him that "she was to receive payment from Lecco."

The government's proffer is insufficient to determine how many levels of hearsay are involved in this testimony, since nothing in the proffered testimony suggests the basis of Ms. Friend's information.  Mr. Kinder's version of her statement lacks any suggestion as to its foundation, but, presumably, the government would rely on Patricia Burton's testimony that she solicited Ms. Friend's involvement (assuming one goes out on a limb and presumes that Ms. Burton could hold the thought long enough to provide that same testimony again).

Inherent in Rule 804(b)(3), F.R.E., is that "[t]he declarant must have perceived the facts to which the statement relates."[2]  Weinstein's Federal Evidence (2d Ed.) § 804.06[4][b].  The requirement for personal knowledge "is assured by Rule 602," *id.,* which provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter . . . ."  Thus, the government would be required to present evidence that Ms. Friend had personal knowledge that her killing of Ms. Collins "was for Mr. Lecco."  While Ms. Friend may have believed that she was doing it "for him," her belief is irrelevant to the government's case against Mr. Lecco.  What is relevant is whether it was *actually* done "for" Mr. Lecco.  The actual knowledge that would be required of Ms. Friend to make her out of court statement and, thus, Mr. Kinder's testimony as to that statement, admissible against Mr. Lecco, would be *personal knowledge* that Mr. Lecco had requested that Ms. Collins be killed because she was informing against him, and that "she was to receive

---

[2] Of course, it also presumes the unavailability of the declarant -- here, Ms. Friend.  If she chooses to testify, Rule 804 would not apply.

payment from [him]."

The government proffered no such evidence in its motion. In fact, in the first trial, there was no evidence that Mr. Lecco discussed the killing with Ms. Friend. Moreover, Patricia Burton admitted that Mr. Lecco *never said anything* about Ms. Collins "working as a confidential informant," either to her or in her presence. (TR 519-20). Thus, in the first trial, the government proved the obverse of what the Rules would require for admission of Mr. Kinder's hearsay testimony.

Moreover, the only portions of Ms. Friend's supposed statement to Mr. Kinder that would be admissible would be those that are self-inculpatory; Rule 804(b)(3) "does not allow admission of non-self-inculpatory statements." *Williamson v. United States*, 512 U.S. 594, 599-600 (1994). The inclusion of self-inculpatory statements does not make non-self-inculpatory statements more credible. *See id.* at 599. This limitation, of course, is consistent with the Supreme Court's Confrontation Clause jurisprudence. *See, e.g., Lee v. Illinois*, 476 U.S. 530, 545 (1986).

> The true danger inherent in this type of hearsay [co-defendant confessions] is, in fact, its selective reliability. As we have consistently recognized, a co-defendant's confession is presumptively unreliable as to the passages detailing the defendant's conduct or culpability because those passages may well be the product of the co-defendant's desire to shift or spread blame, curry favor, avenge himself, or divert attention to another.

*Id.* at 545. The touchstone of the hearsay exception for statements against penal interest under Rule 804(b)(3) is its presumptive reliability, since no person would make a statement that implicates herself in a crime. Conversely, when statements are not self-inculpatory, "they are not particularly reliable. They are just garden variety hearsay." *Carson v. Peters*, 42 F.3d 384, 386 (7th Cir. 1994); *see also Lilly v. Virginia*, 527 U.S. 116, 139 (1999) (fact that person makes

"'broad self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts'"(quoting *Williamson*, 512 U.S. at 599; citing *Lee*, 476 U.S. at 545)); *Lilly*, 527 U.S. at 133 ("It is clear that our cases consistently have viewed an accomplice's statements that shift or spread the blame to a criminal defendant as falling outside the realm of those 'hearsay exception[s] [that are] so trustworthy that adversarial testing can be expected to add little to [the statements'] reliability.'" (quoting *White v. Illinois*, 502 U.S. 346, 357 (1992))).  Indeed, in *Bruton v. United States*, 391 U.S. 123, 138 (1968),

> it was common ground among all the Justices that the fact that the confession was a statement against the penal interest of [the co-defendant] did not justify its use against Bruton.  As Justice White noted at the outset of his dissent, "nothing in that confession which was relevant and material to Bruton's case was admissible against Bruton."

*Lilly,* 527 U.S. at 128.  So, too, nothing in Ms. Friend's statement which was relevant and material to Mr. Lecco's case is admissible against him.

## Conclusion

For the foregoing reasons, the Court should deny the government's Motion to Reconsider its Order excluding Mr. Kinder's proposed testimony, as outlined in the government's motion..

| | |
|---|---|
| **Dated: August 19, 2009** | **George M. Lecco** |
| _____ | By Counsel |

Gerald T. Zerkin
Capital Resource Counsel
VSB # 16270
Amy L. Austin
WVSB # 6286
VSB # 46579
Assistant Federal Public Defender
Counsel for Defendant
701 East Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800
(804) 648-5033 (fax)
gerald_zerkin@fd.org
amy_austin@fd.org

Counsel for Defendant Lecco

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2009, I electronically filed the foregoing *Memorandum* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Philip H. Wright
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 304/347-5104
philip.wright@usdoj.gov

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 304/347-5104
greg.mcvey@usdoj.gov

Jay T. McCamic
McCamic Sacco Puzzuti & McCoid
P.O. Box 51
Wheeling, WV 26003
304/232-6750
Fax: 304/232-3548
jtmccamic@mspmlaw.com

Gary A. Collias
P.O. Box 70007
Charleston, WV 25301-0007
304/344-3653
Fax: 304/345-3083
gacollias@citynet.net

Kevin M. McNally
McNally & O'Donnell
P.O. Box 1243
Frankfort, KY 40601
502/227-2142
Fax: 504/227-4669
kmcnally@dcr.net

         /s Gerald T. Zerkin
Gerald T. Zerkin
VSB # 16270
Capital Resource Counsel
Amy L. Austin
VSB# 46579
WVSB# 6286
Assistant Federal Public Defender
Counsel for Defendant
701 East Broad Street, Suite 3600
Richmond, Virginia 23219
(804)343-0800
(804) 648-5033 (fax)
gerald_zerkin@fd.org
amy_austin@fd.org