```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NOS. 2:05-00107-01
                                                     2:05-00107-02

**GEORGE LECCO**
**VALERI FRIEND**


## MEMORANDUM OPINION AND ORDER

Pending are the United States' motions to redact portions of certain documents ("motion to redact"), to seal the motion to redact, both filed May 14, 2009, and for an order requiring defendants to provide a summary of expected expert witnesses to be called during the guilt/innocence phase and to otherwise comply with their discovery obligations ("motion for expert summary"), filed August 6, 2009.

Pending also are defendants' joint motion to renew all motions previously filed to preserve the record ("joint motion to renew"), filed August 12, 2009, and defendant George Lecco's motions to file out of time his motion for change of venue ("motion to extend time for venue motion"), filed August 12, 2009, to seal his response to the United States' motion for expert summary, filed August 17, 2009, to seal his motion for change of venue, filed August 12, 2009, to seal the United

States' response and his reply concerning the motion for change of venue, filed September 1, 2009, to file out of time his reply memorandum respecting his motion to sever ("motion to extend time for severance reply"), filed September 1, 2009, and to file out of time his reply memorandum concerning his motion to change venue ("motion to extend time for change of venue reply"), filed September 1, 2009.

Regarding the United States' motion to redact, on May 4, 2009, the court entered an order respecting certain materials submitted by counsel during consideration of defendants' second motion for new trial:

> Counsel are directed to carefully scrutinize anew the [Joint Post Hearing] Memorandum [In Support of Motion for New Trial Based on Juror Misconduct ("Memorandum")] and the investigative files to assure compliance with the court's protective order and to submit a copy of those materials to the court to be spread on the public record at the appropriate time. In particular, it appears counsel may have inadvertently omitted redactions of names of those other than [juror William] Griffith and the law enforcement officers in the previously submitted investigative files. See, e.g., (Offic. File of FBI at 25, 31, 32, 33, 83, 87, 109.)

United States v. Lecco, 2:05-107, slip op. at 6 n. 3 (S.D. W. Va. May 4, 2009).

On May 14, 2009, the United States submitted the motion to redact along with proposed redactions to three volumes of

2

material relating to the investigation of Griffith preceding his jury service.  Those volumes consist of (1) the Memorandum, (2) the official file of the United States Attorney, (3) the official file of the Federal Bureau of Investigation, (4) the FBI special agent working file, and (5) interview summaries involving certain law enforcement officers and members of the United States Attorney's office.

The proposed redactions are aimed at achieving compliance with the "court's intention that any documents spread on the public record not contain the names of others in connection with the child pornography investigation of Griffith other than Griffith and the law enforcement officers."  Id. at 5 (noting also that "[b]eyond that very limited redaction, . . . the public interest in access to these materials seems paramount, consistent with the court's efforts on past occasions to freely allow public inspection of these proceedings.").

The court has reviewed the proposed redactions, which shield (1) the names of certain members of the United States Attorney's office, (2) various partial and complete addresses of individuals, (3) the names of victims and those having some association with them, and (4) the FBI Operation Plan for executing the search warrant at Griffith's home in December 2002,

inasmuch as disclosure of those procedures might jeopardize future similar law enforcement operations. The United States represents that counsel for the defendants do not oppose the redaction requests.

It appears that the United States' efforts comply with the very limited redaction contemplated by the court in its May 4, 2009, memorandum opinion and order. The court, accordingly, ORDERS that the motion to redact be, and it hereby is, granted. It is further ORDERED that the motion to seal the motion to redact be, and it hereby is, granted provisionally, with the United States to advise the court and opposing counsel no later than September 10, 2009, if the motion to redact might now be spread on the public record, with or without redaction. If redaction is unnecessary, the United States is directed to file the motion to redact on September 10, 2009. It is further ORDERED that the United States be, and it hereby is, directed to electronically file no later than September 8, 2009, a copy of the materials reflecting the redactions permitted by this memorandum opinion and order.

Regarding the United States' motion for expert summary, it is asserted as follows:

  The motion is necessitated by defendant Lecco's failure

4

> to comply timely with his disclosure obligations with
> respect to expert witnesses before the first trial in
> this case.
>
> . . . .
>
> Rule 16 requires a defendant to furnish to the
> government, at its request, a written summary of an
> expert witness's opinions, the bases and reasons for
> those opinions, and qualifications, if the defendant
> has made a similar request. Fed. R. Crim. P.
> 16(b)(1)(C). Here, Lecco has made such a request, and
> the United States has responded and made a reciprocal
> request. Lecco should comply with the Rules of
> Procedure and the Arraignment Order and should not be
> permitted to engage in trial by ambush in contravention
> of those rules and the Order.

(Mot. for Exp. Summ. at 2, 3). The proposed order accompanying the motion for expert summary would require disclosure of the requested materials by the defense no later than September 17, 2009.

While objecting to the proposed September 17, 2009, deadline, counsel for defendant Friend profess an understanding of, and willingness to comply with, their reciprocal discovery obligations. Inasmuch as the court has relieved attorney Jay T. McCamic of further representational duties in this action, the remaining lawyer for defendant Lecco asserts that the discontinuity of counsel has caused some difficulty. (Resp. at 2).

It appears that counsel understand their reciprocal discovery obligations. The court, accordingly, ORDERS that the

United States' motion for expert summary be, and it hereby is, granted in all respects except that, in lieu of the suggested deadline of September 17, 2009, counsel for defendants are directed to disclose the requested information no later than October 1, 2009.  Regarding defendant Lecco's motion to seal his response to the United States' motion for expert summary, the only basis offered for sealing is that the response refers to the departure of Mr. McCamic from the case.  Inasmuch as that fact is disclosed herein, a sealing order is unnecessary.  The court, accordingly, ORDERS that the motion to seal defendant Lecco's response to the United States' motion for expert summary be, and it hereby is, denied as moot.

Regarding the joint motion to renew, defendants, without more, name the 90 motions, briefs, notices, and other similar materials they filed prior to the court granting the second motion for new trial.[1]  To the extent that defendants wish the record to simply reflect renewal of their motions previously filed, and contentment with the rulings made thereon without formally seeking reconsideration, it is ORDERED that the joint motion be, and it hereby is, granted and denied in all other respects.

---

[1]The final line of the motion simply states that relief is requested "as stated in the various motions . . . ."  (Mot. to Ren. at 16).

Regarding defendant Lecco's motion to extend time for venue motion, counsel seeks permission to file the motion for a change of venue on August 12, 2009.  The court notes that the motion for a change of venue was filed on that date.  The due date for the motion for a change of venue, however, was previously scheduled for August 24, 2009.  See United States v. Lecco, No. 2:05-107, slip op. at 3 (S.D. W. Va. Jul. 16, 2009). The court, accordingly, ORDERS that the motion to extend time for venue motion be, and it hereby is, denied as moot.  Finding good cause, the court further ORDERS that the motions to extend time for severance reply and for change of venue reply be, and they hereby are, granted and the now filed submissions in that regard are treated as timely.

Regarding defendant Lecco's motion to seal his motion for change of venue, the showing offered to support the requested seal is, in its entirety, as follows:

> Comes now the Defendant, by counsel, and moves the Court to seal its pleading entitled Defendant's Motion to Change Venue in order to not create further publicity in this case. That Motion discusses the prior publicity in the case, upon which it bases its claim for relief, and it gathers in one place, as an exhibit, the inaccurate and prejudicial publicity about the case. Were it not filed under seal, the Motion would simply compound the existing problem.

(Mot. to Seal at 1).  The basis for the motion falls well short

7

of the governing standards for a sealing order that are applicable in this circuit.  The court, accordingly, ORDERS that the motion to seal the motion for change of venue, along with the motion to seal the United States' response and Lecco's reply concerning change of venue be, and they hereby are, denied.

The court additionally notes that it previously ordered that "the date for filing any notice regarding a proposed mental health protocol be . . . rescheduled to July 30, 2009."  Id. at 3.  On that date, the United States filed a "NOTICE REGARDING THE NECESSITY AND CONTENT OF A PROPOSED PROTOCOL RELATING TO ANY MENTAL HEALTH EVIDENCE [("Notice")]."  The Notice detailed the limited areas of disagreement between the parties on the subject, the need for further consultations, and forthcoming attempts to resolve their differences on the matter.  Since the filing of the Notice, counsel have not disclosed anything further on the matter to the court.  It is, accordingly, ORDERED that the parties be, and they hereby are, directed to submit no later than September 11, 2009, a proposed order adopting a protocol on all matters upon which the parties have reached agreement, and suggested additional language or deletions suggested by the respective parties as to those areas, if any, upon which they continue to diverge.

**The Clerk is directed to forward copies of this memorandum opinion and order to the defendants and counsel of record.**

DATED: September 3, 2009

_____
John T. Copenhaver, Jr.
United States District Judge