IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   No. 2:05-00107 |
| | ) |
| GEORGE LECCO and | ) |
| VALERI FRIEND | ) |
| | ) |
| **Defendants.** | ) |

**RENEWED JOINT MOTION FOR A NON-UNANIMOUS JURY VERDICT OPTION AND MEMORANDUM IN SUPPORT**

Come defendants, by counsel, and renew their request [Record Entry, RE 773, 776], that the Court instruct the jury and allow a non-unanimous sentencing option at the penalty phase of this capital case - as most district judges do. In support, defendant Friend states as follows:

1. This motion was filed previously, RE 773, on May 20, 2007. However, we submit additional authority for our request.

2. Defendants have requested that the Court present the jury with a third sentencing option, in addition to unanimous life or unanimous death. That option would inform the jury that a non-unanimous verdict would result in a judicially imposed life sentence without the possibility of release.

3. Experience has shown that the issue of unanimity versus individual juror responsibility is the most important aspect of jury instructions in federal cases. Although the Supreme Court held in *Jones v. United States*, 527 U.S. 373 (1999), that judges need not instruct capital sentencing juries on the consequences of their failure to agree, most federal judges continue to give such instructions,

and many have also included "agree to disagree" as a possible sentencing decision in the jury's special verdict sheets. Attached, as Exhibit A, is a declaration listing such cases. This declaration has been extensively updated since 2007.

4. Numerous judges presiding over trials since 2007 have given the requested instruction. These cases include: *United States v. Hans* (D. SC No. 6:05 CR 01227-HMH); *United States v. Solomon* (W.D. PA No. 2:05-CR-00385-TFM); *United States v. Caraballo* (E.D. NY No. 01-CR-1367); *United States v. Barnes* (S.D. NY No. 7:04-CR-00186-SCR); *United States v. Pepin-Taveras* (E.D. NY CR No. 04-0156); *United States v. Dinkins and Gilbert* (D. MD No. 1:06-CR-00309-JFM); *United States v. Byers* (D. MD No. 08-056); *United States v. Johnson* (E.D. VA No. 92-CR-68) and *United States v. Runyon* (E.D. VA CR No. 4:08-CR-16).

5. Attached as Exhibit B to RE 773 are Verdict Forms defendants request the Court to employ.

6. In Judge Sands treatise on federal instructions, L. Sand, J. Siffert, W. Loughlin and S. Reiss, *Modern Federal Jury Instructions*, Chapter 9A, Federal Death Penalty (1999), he proposes this instruction:

> **Instruction 9A-20A: Determination of Sentence**
>
> In the event that you do not unanimously decide to sentence Defendant to death, and then are unable to reach a unanimous decision on the question whether to sentence Defendant to life imprisonment without possibility of parole, you should so inform the court. In that event, the Court will decide whether to sentence the Defendant to life imprisonment without possibility of parole.

7. In *United States v. John Johnson* (E.D. LA No. 2:04-CR-00017-HGB-SS), Judge Berrigan instructed:

> At the end of your deliberations, if you unanimously determine that John Johnson should be sentenced to death, I must, and I will, sentence him to death. You should

consider your decision as to death to be the final word on the matter.

If you unanimously determine that Mr. Johnson should be sentenced to life imprisonment without the possibility of release, I must, and I will, sentence him to life imprisonment without the possibility of release. You should consider your decision as to life without possibility of release to be the final word on the matter.

If, however, you cannot unanimously agree on what Mr. Johnson's sentence should be, I must, and I will, sentence Mr. Johnson to life in prison without possibility of release.

8. In *United States v. Houston and Bridgewater* (C.D. CA CR No. 02-00938-GHK), the jury received the following instruction from Judge Carter:

If you cannot unanimously determine that a sentence of death is justified as to any particular count or defendant, then the court will impose a sentence of life imprisonment without the possibility of release for the particular defendant. You are never required to impose a sentence of death.

9. In *United States v. Duncan* (D. ID CR No. 07-23-N-EJL), Judge Lodge instructed the jury:

Unanimity is required for the jury to impose a sentence of death. That is, every juror must agree that, as to each count, a sentence of death should be imposed rather than a sentence of life imprisonment without the possibility of release.

\* \* \* \*

If, after weighing the statutory and non-statutory aggravating factor or factors proved in the case and all of the mitigating factors found by any juror, any one of you finds that a sentence of death is not justified on any particular count or counts, then the death sentence cannot be imposed as to that particular count or counts. The Court will impose a sentence of life imprisonment without the possibility of release for that particular count or counts.

10. In *United States v. Quinones and Rodriguez* (S. D. NY CR 00-CR-0761), Judge Rakoff instructed the jury:

In other words, the default position is life imprisonment without release, and the death penalty will not be imposed unless every one of you concludes beyond a reasonable doubt that death must be imposed.

11. Defendants request that the Court so instruct.

3

12. Defendant Friend relies upon the following Memorandum in Support.

## MEMORANDUM IN SUPPORT

In *Jones v. United States,* 527 U.S. 373, 381 (1999), the Supreme Court held that a non-unanimous punishment verdict by a federal jury results in a life sentence imposed by the Court. The Court also held that "the Eighth Amendment does not *require* that the jurors be instructed as to the consequences of their failure to agree." *Id.* [Emphasis added]. Further, the Court declined "to exercise our supervisory power to require that an instruction on the consequences of deadlock be given in *every* capital case." *Id.* at 383. [Emphasis added.] The Court repeated the language that the instruction is not required "in every case." *Id.* at 384. This does not mean, however, that the Court should exercise its discretion and refuse to present this third verdict option to the jury. Numerous federal district courts have done so and done so after the decision in *Jones.* For a listing of some such cases, see Exhibit A. *See United States v. Sampson,* 335 F.Supp.2d 106, 240 (D. MA. 2004). *See also State v. Ramseur,* 524 A.2d 188, 280-286 (N.J. 1987).

Respectfully submitted this 25th day of September, 2009.

By: **/s/ Kevin McNally**
**Kevin McNally, Esq.**
P.O. Box 1243
513 Capitol Avenue
Frankfort, KY 40602
Tel: (502) 227-2142

**Gary A. Collias, Esq.**
P. O. Box 70007
Charleston, WV 25301-0007
Tel:(304) 344-3653

**Attorneys for Defendant
Valeri Friend**

**Gerald T. Zerkin, Esq.**

4

        Office of the Federal Public Defender
        Eastern District of Virginia
        701 E. Broad Street, Ste. 3600
        Richmond, VA 23219-1884

**Brian J. Kornbrath, Esq.**
        Federal Public Defender
        Huntington National Bank Building
        230 West Pike Street, Room 360
        Clarksburg, WV 26302
        **Attorneys for Defendant**
            **George Lecco**

## CERTIFICATE OF SERVICE

It is hereby certified that this Motion has been electronically filed with the Clerk of the Court this date using the CM/ECF system and served upon opposing counsel by CM/ECF as follows:

Philip H. Wright, Esq.
R. Gregory McVey, Esq.
Assistant United States Attorneys
United States Attorney's Office
300 Virginia St.
Charleston, WV 25301

DATED:    Frankfort, Kentucky
                September 25, 2009

                                          /s/ Kevin McNally
                                          KEVIN McNALLY