UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 2:05-00107-01

GEORGE LECCO

MEMORANDUM OPINION AND ORDER

Pending are the United States' motion to extend its time to respond to defendant George Lecco's motion in limine concerning Patricia Burton ("motion to extend"), filed October 14, 2009, and the renewed joint motions originally filed by defendants George Lecco and Valeri Friend[1] (1) for a non-unanimous jury verdict option, (2) for immediate disclosure of any and all contact between government agents or prosecutors and potential jailhouse informants incarcerated with defendants ("first motion for disclosure"), (3) for disclosure of medical, mental health, prescription drug, jail and Social Security records of cooperating witnesses ("second motion for disclosure"), (4) to declare the Federal Death Penalty Act ("FDPA") unconstitutional and for related relief ("renewed FDPA motion"), (5) to trifurcate jury deliberations, and (6) to bar

[1]On October 2, 2009, defendant Friend withdrew her pending motions and additionally noticed her intention to cease participation in any motions filed jointly with defendant Lecco.

the introduction or display of inflammatory scene and/or autopsy photographs or related physical evidence, all filed September 25, 2009.

Regarding the motion to extend, the United States notes that defendant Lecco filed the 23-page motion in limine concerning Patricia Burton on October 9, 2009, and that the United States did not receive a copy of the motion until October 13, 2009. The United States requests that it be given until October 23, 2009, to respond to the motion. Counsel for defendant Lecco has advised the court's law clerk that they do not object to the requested extension. The court, accordingly, ORDERS that the United States' motion to extend its time to respond to the motion in limine concerning Patricia Burton be, and it hereby is, granted. It is further ORDERED that defendant Lecco be, and he hereby is, directed to file any reply no later than October 30, 2009.

The court notes as well the October 14, 2009, filing by the United States of a proposed order regarding mental status evaluations. It is ORDERED that defendant Lecco be, and he hereby is, directed to file any objections to the proposed order regarding mental status evaluation no later than October 27, 2009, with any reply by the United States to be filed no later than October 30, 2009.

Regarding the renewed FDPA motion, learned counsel for defendant Friend, Kevin McNally, appears to have assumed principal responsibility for preparing the filing. At the pretrial motions hearing for defendant Friend held September 28, 2009, Mr. McNally informed the court that the renewed FDPA motion is identical to an earlier filing seeking the same relief, also submitted jointly by defendants, prior to the first trial ("predecessor motion"). On April 5, 2007, the court entered a memorandum opinion and order discussing, and denying, the predecessor motion. On October 19, 2009, learned counsel for defendant Lecco advised the court in writing that defendant Lecco is relying upon the renewed FDPA motion filed by Mr. McNally on behalf of both defendants. At the pretrial motions hearing concerning defendant Friend held September 28, 2009, the court adopted its April 5, 2007, memorandum opinion and order with respect to the renewed FDPA motion. The court, accordingly, ORDERS that the renewed FDPA motion be, and it hereby is, denied based upon the analysis contained in the April 5, 2007, memorandum opinion and order.

Regarding the renewed motion to trifurcate jury deliberations, on March 21, 2007, prior to the first trial, the court granted a joint defense motion seeking trifurcation. The court, accordingly, ORDERS that the renewed motion to trifurcate

jury deliberations be, and it hereby is, granted to the extent that, if this matter proceeds to the penalty phase, the proceeding will be bifurcated as to death eligibility and selection.

Regarding the renewed motion to bar the introduction or display of inflammatory scene and/or autopsy photographs or related physical evidence, prior to the first trial the parties agreed upon a mutually acceptable method for handling this type of evidence. In the event that the parties are now unable to reach a similar satisfactory mutual agreement on the matter, it is ORDERED that defendant Lecco be, and he hereby is, directed no later than October 27, 2009, to further supplement the renewed motion in limine. The United States may then respond to any supplementary materials filed by defendant Lecco on the point no later than November 2, 2009.

Regarding the renewed motions for a non-unanimous jury verdict option and the first and second motions for disclosure, the court has not received briefing in reply from defendant Lecco following the United States' filing of its responses to these three renewed motions. It is, accordingly, ORDERED that defendant Lecco be, and he hereby is, directed to reply if he so desires no later than November 2, 2009.

In order to conclude the briefing schedule on the aforementioned matters, the court ORDERS that the case management and pretrial motions hearing scheduled for October 22, 2009, be, and it hereby is, rescheduled for November 10, 2009, at 1:30 p.m.

On May 29, 2009, the court set the retrial date as to both defendants for October 27, 2009. On September 3, 2009, the court severed the defendants' for retrial and directed that defendant Lecco's retrial would proceed on an undetermined date following the retrial of defendant Friend. Inasmuch as defendant Friend has entered into a plea agreement with the United States, it is now appropriate to consider a retrial date for defendant Lecco.

Defendant Lecco has suggested that a date of March 15, 2010, would allow sufficient time to prepare for the retrial. The court will hear the parties further on November 10, 2009, concerning the pretrial and retrial schedule.

In advance of setting the retrial date, however, the court finds that a retrial date preceding March 15, 2010, would result in a miscarriage of justice pursuant to 18 U.S.C. section 3161(h)(7)(B)(i). An earlier retrial date would deny the defendant and his counsel, neither of whom participated in the first trial, and one of whom was appointed September 3, 2009, the

**reasonable time necessary for effective preparation of the case, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7) (B)(iv).**

**The court additionally finds the case is so unusual and complex, due to the nature of the prosecution and the discontinuity of counsel, that it is unreasonable to expect adequate preparation for the retrial within the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h) (7)(B)(ii); see also 4 Wayne R. LaFave et al., Criminal Procedure § 18.3(b) (2d ed. 1999 and supp. 2005) (citing United States v. Murillo, 288 F.3d 1126, 1133 (9th Cir. 2002) ("We join our sister circuit in holding that the death penalty consideration process is a valid reason to grant an ends of justice continuance.") (citing United States v. Mathis, 96 F.3d 1577, 1581 (11th Cir. 1996)).**

**Based upon these findings, the court further finds that the ends of justice served by setting the trial on or after March 15, 2010, outweighs the best interests of the public and the defendant in a speedy trial. The court, accordingly, ORDERS that the period of time from October 27, 2009, until the retrial date on or after March 15, 2010, be, and it hereby is, excluded for purposes of the Speedy Trial Act.**

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

**DATED: October 22, 2009**

**John T. Copenhaver, Jr.**
**United States District Judge**