```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                  **CRIMINAL ACTION NO. 2:05-00107-01**

**GEORGE LECCO**


## MEMORANDUM OPINION AND ORDER

Pending are defendant's renewed motions for a non-unanimous jury verdict option, for disclosure of any and all contact between government agents or prosecutors and potential jailhouse informants incarcerated with defendant ("first motion for disclosure"), for disclosure of medical, mental health, prescription drug, jail and Social Security records of cooperating witnesses ("second motion for disclosure"), to bar the introduction or display of inflammatory scene and/or autopsy photographs or related physical evidence ("motion to bar photographs"), all filed September 25, 2009, and his motion in limine concerning Patricia Burton, and to seal the motion in limine, filed respectively on October 11 and 10, 2009.

At a hearing held November 10, 2009, came the defendant, in person and by counsel, Gerald T. Zerkin, Senior Assistant Federal Public Defender, and Brian J. Kornbrath, Federal Public Defender, and came the United States by Criminal

Division Chief Philip H. Wright and Assistant United States Attorney Greg McVey.

Based upon the discussions more fully reflected on the record of the November 10, 2009, hearing, it is ORDERED that the renewed first and second motions for disclosure, and the motion to bar photographs, be, and they hereby are, denied as moot. Additionally, the court ORDERED that the renewed motion for a non-unanimous jury verdict option, and to seal the motion in limine concerning Patricia Burton, be, and they hereby are, denied.

Regarding the motion in limine concerning Patricia Burton, counsel advised the court of an additional issue for which the court will entertain supplemental briefing according to the following schedule:

1. Defendant's brief in support due no later than November 24, 2009;
2. The United States' response due no later than December 4, 2009; and
3. Defendant's reply due no later than December 11, 2009.

Should defendant fail to submit his brief in support on November 24, 2009, the court will resolve the motion in limine based upon the briefing submitted to date.

After hearing the parties concerning an appropriate schedule in the case, it is ORDERED that the following dates be, and the hereby are, adopted as the time within which pretrial proceedings will conclude and trial will commence:

| EVENT | DATE |
|---|---|
| Submission of Final Proposed Jury Questionnaire | 12/15/2009 |
| Status Hearing | 02/19/2010 / 1:30 pm |
| Order Entered Summoning 400 Prospective Jurors | 02/23/2010 |
| Questionnaires Mailed to 400 Prospective Jurors | 02/25/2010 |
| Deadline for Return of Questionnaires to Clerk | 03/2/2010 |
| Letter Sent to Those Failing to Return Questionnaires | 03/3/2010 |
| Second Deadline for Return of Questionnaires to Clerk | 03/9/2009 |
| Clerk Delivers Electronic, Scanned Questionnaires | 03/12/2010 |
| Counsel Review the Scanned Questionnaires | 03/12-25/2010 |
| Counsel Submit Their List of Agreed Strikes for Cause | 03/29/2010 |
| Individual Voir Dire Schedule Sent to Jurors and Counsel | 04/1/2010 |
| Individual Voir Dire Begins | 04/5/2010 |
| Opening Statements | Conclusion of Individual Voir Dire Plus Two Days |

The court finds that a retrial date preceding April 5, 2010, would result in a miscarriage of justice pursuant to 18 U.S.C. section 3161(h)(7)(B)(i). An earlier retrial date would deny the defendant and his counsel, neither of whom participated in the first trial, and one of whom was appointed September 3, 2009, the reasonable time necessary for effective preparation of

3

the case, taking into account the exercise of due diligence.  <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(iv).

The court additionally finds the case is so unusual and complex, due to the nature of the prosecution and the discontinuity of counsel, that it is unreasonable to expect adequate preparation for the retrial within the time limits established by the Speedy Trial Act.  <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(ii); <u>see also</u> 4 Wayne R. LaFave <u>et al.</u>, <u>Criminal Procedure</u> § 18.3(b) (2d ed. 1999 and supp. 2005) (citing <u>United States v. Murillo</u>, 288 F.3d 1126, 1133 (9th Cir. 2002) ("We join our sister circuit in holding that the death penalty consideration process is a valid reason to grant an ends of justice continuance.") (citing <u>United States v. Mathis</u>, 96 F.3d 1577, 1581 (11th Cir. 1996)).

Based upon these findings, the court further finds that the ends of justice served by setting the trial on April 5, 2010, outweighs the best interests of the public and the defendant in a speedy trial.  The court, accordingly, ORDERS that the period of time from October 27, 2009, to April 5, 2010, be, and it hereby is, excluded for purposes of the Speedy Trial Act.

The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.

DATED: November 16, 2009

John T. Copenhaver, Jr.
United States District Judge