IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:05-00107-01

**GEORGE M. LECCO**
    **also known as "Porgy"**

**RESPONSE OF THE UNITED STATES TO DEFENDANT LECCO'S MOTION IN LIMINE TO BAR THE GOVERNMENT FROM PRESENTING FACTUALLY INCONSISTENT THEORIES AS TO THE MURDER OF CARLA COLLINS**

Comes now the United States of America by Philip H. Wright, Assistant United States Attorney for the Southern District of West Virginia, and files this response to defendant George Lecco's Motion in Limine to Bar the Government from Presenting Factually Inconsistent Theories as to the Murder of Carla Collins.

### Introduction

Supreme Court and Fourth Circuit precedents, as well as this Court's own prior rulings, make clear that United States witnesses may offer inconsistent testimony at trial. Indeed, conflicts in the details of testimony are routine. Their existence does not prove that the United States has presented testimony that it knew to be false. Price v. Johnston, 334 U.S. 266, 288 (1948) ("A mere claim that a witness gave inconsistent testimony is not enough to charge the prosecution's knowing use of false testimony . . . .");

1

United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987) ("Mere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony."). Nor does conflicting testimony imply a contradiction in the United States' underlying theory of this case, which has remained the same for more than four years: George Lecco procured the murder of Carla Collins because she was cooperating with the federal investigation of his drug conspiracy. Lecco's cited authorities concern a rare scenario unrelated to this case: the use of contradictory theories of guilt in two separate trials to convict two separate defendants of the same offense. Even a cursory reading of Lecco's citations alongside the precedents regarding testimonial inconsistencies exposes his motion as baseless.

## **Analysis**

Lecco anticipates that certain aspects of Pat Burton's trial testimony will be inconsistent both with her own prior statements and with the testimony of Valerie Friend. He maintains that such testimony would give rise to two due process violations by the United States: (1) knowingly presenting false testimony and (2) asserting inconsistent theories of Lecco's guilt. Both contentions are incorrect.

I.   <u>Testimonial Inconsistencies Alone Do Not Establish the Knowing Presentation of False Testimony</u>

Supreme Court and Fourth Circuit precedent expressly rejects Lecco's position. Inconsistencies between a witness' trial testimony and her prior statements do not establish that the United States knows the testimony to be false. Nor do inconsistencies between the testimony of two witnesses show that the United States knows that either witness is testifying falsely.

The Supreme Court addressed inconsistent testimony by a prosecution witness in <u>Price v. Johnston</u>, 334 U.S. 266, 288 (1948). Homer Price was a habeas corpus petitioner convicted of bank robbery and related charges, including jeopardizing the life of a bank employee and others by use of a dangerous weapon. <u>Price</u>, 334 U.S. at 269 n.1. At Price's trial, the United States' sole witness initially testified that he had seen no guns during the robbery— only to retake the stand the next day and testify that he had, in fact, seen pistols during the robbery, and could describe them. <u>Price</u>, 334 U.S. at 277. Price sought habeas corpus relief on the basis of this sudden change in testimony. But the Court concluded that a "mere claim that a witness gave inconsistent testimony is not enough to charge the prosecution's knowing use of false testimony; it may well be that the witness' subsequent statements were true." <u>Price</u>, 334 U.S. at 288.

Numerous Fourth Circuit decisions have reached the same conclusion outside the habeas context. <u>United States v. Griley</u>,

the leading Fourth Circuit precedent, laid down the principle that "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony." United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987). Following Griley, the Fourth Circuit routinely rejects the argument that Lecco raises here. See, e.g., United States v. Ray, 61 Fed. Appx. 37, 55 (4th Cir. 2003) (inconsistency between United States witness' testimony on direct and cross); United States v. Maynard, 77 Fed. Appx. 183, 186-87 (4th Cir. 2003) (inconsistency between trial testimony and prior grand jury testimony); United States v. Jones, 38 Fed. Appx. 840, 846-47 (4th Cir. 2002) (witnesses' testimony inconsistent with prior statements); United States v. Cooke, 141 F.3d 1160, 1998 WL 193111, at *2-3 (4th Cir. 1998) (witness' testimony inconsistent with prior statements); United States v. Odom, 935 F.2d 268, 1991 WL 97480, at *3-4 (4th Cir. 1991) (inconsistent testimony of two prosecution witnesses regarding details of murder plot) (opinions attached as Exhibits 1-5).

    The Fourth Circuit is not alone. It appears that every court of appeals to consider this issue is in accord. See United States v. Casas, 425 F.3d 23, 38 (1st Cir. 2005) ("[N]either the fact that the accounts of Pérez and Martínez contradicted each other in certain respects, nor that Martínez's trial testimony went beyond the scope of his grand jury testimony, indicate that the prosecutor

4

knowingly presented false testimony.); <u>United States v. Nimrod</u>, 940 F.2d 1186 (8th Cir. 1991) ("[W]e are merely dealing with conflicting testimony by witnesses, as there is no evidence that the government knowingly produced false testimony."); <u>Tapia v. Tansy</u>, 926 F.2d 1554, 1563 (10th Cir. 1991) ("Contradictions and changes in a witness' testimony alone do not constitute perjury and do not create an inference, let alone prove, that the prosecution knowingly presented perjured testimony."); <u>United States v. Verser</u>, 916 F.2d 1268, 1270-71 (7th Cir. 1990) (citing <u>Griley</u>); <u>United States v. Lochmondy</u>, 890 F.2d 817, 822 (6th Cir. 1989) (citing <u>Griley</u>) ("The burden is on the defendants to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony."); <u>United States v. Sherlock</u>, 962 F.2d 1349, 1364 (9th Cir. 1989) ("[Defendants] assert that the prosecutor, by presenting witnesses with contradictory stories, necessarily presented perjured testimony.  That argument lacks merit."); <u>United States v. Miranne</u>, 688 F.2d 980, 989 (5th Cir. 1982) ("The only evidence of perjury was in the conflict between the testimony of Mahl and Toranto.  At most, this represented a contradiction in the testimony of two witnesses.").

This Court, too, has considered and rejected the argument that Lecco advances, following Fourth Circuit precedent.  In <u>Alonzo v. United States</u>, a 28 U.S.C. § 2255 action, the movant asserted that

the United States knowingly presented false testimony in his criminal trial because a witness' testimony contained inconsistencies.  <u>Alonzo v. United States</u>, No. 2:02-cv-1456, 2006 WL 470605, at *2 (S.D. W. Va. Feb. 27, 2006) (order denying motion) (attached as Exhibit 6).  This Court denied the motion, citing <u>Griley</u> and observing that "testimonial inconsistencies alone do not amount to perjury."  <u>Id.</u>

This unanimous view—that inconsistency alone does not establish the knowing use of false testimony—is a matter of common sense.  Witnesses rarely have identical recollections of the same incident, and their accounts of events frequently change, often sharply, during the course of an investigation.  Inconsistencies like the ones Lecco identifies are the rule, not the exception.  They occur in most trials.  If the United States knows that one of two inconsistent statement is false, of course, it must correct the falsehood.  Absent such knowledge, however, the United States "is not required to guess" or arbitrarily choose one witness over another as "the more 'truthful' testifier."  <u>Odom</u>, 1991 WL 97480 at *4.  Rather, such testimonial inconsistencies are for the jury to resolve, with the benefit of counsel's cross-examination and argument.  <u>Nimrod</u>, 940 F.2d at 1188 ("[B]y fairly presenting both witnesses' stories to the jury, the jury was able to determine the credibility of each witness."); <u>Tapia</u>, 926 F.2d at 1563 ("[T]he jury heard all versions and both witnesses were thoroughly

impeached.  It was for the jury to decide which version to believe." (footnote omitted)).  No other reasonable remedy exists: even if the Court were inclined to grant Lecco's motion, on what basis could it (or the United States or Lecco, for that matter) choose which witness' testimony to exclude as false?

II.   Lecco's Cited Authorities Are Inapposite

Lecco's cited cases concern inherently contradictory theories of two defendants' guilt, not mere inconsistent witness testimony.  Those are two entirely different things, a point underscored by Lecco's main precedent, Smith v. Groose, 205 F.3d 1045 (8th Cir. 2000).  Smith involved an unusual crime:  Michael Cunningham was in the act of burglarizing a home in Kansas City when three other men, one of them Jon Smith, arrived on the scene and burglarized the home independently.  In the course of the burglaries, the home's owners were murdered.  The state of Missouri separately tried both Cunningham and Smith for the murders.  At Cunningham's trial, the state argued that the victims were already dead when Smith's group arrived because Cunningham had killed them.  At Smith's trial, however, the state's theory was just the opposite:  the victims were alive when Smith's group appeared on the scene, and one of Smith's cohorts—not Cunningham—committed the murders.  Smith, 205 F.3d at 1047-48.

In other words, the state used logically contradictory theories of guilt in separate trials to convict two defendants of

the same crime.  The Eighth Circuit ruled that tactic a due process violation.  <u>Smith</u>, 205 F.3d at 1052.  But the holding was carefully limited:  "Smith's situation is unusual, and we doubt that claims such as his will often occur.  To violate due process, an inconsistency must exist at the core of the prosecutor's cases against defendants for the same crime."  <u>Smith</u>, 205 F.3d at 1052.  The <u>Smith</u> court recognized that prosecutors may present inconsistent evidence, and even inconsistent argument, so long as they do not rely on contradictory *theories* of guilt to convict separate defendants of the same offense.  <u>Smith</u>, 205 F.3d at 1050.  As an example of the latter proposition, the <u>Smith</u> court cited <u>Nichols v. Scott</u>, 69 F.3d 1255, 1268-72 (5th Cir. 1995).  <u>Smith</u>, 205 F.3d at 1050.  There the state had separately tried two defendants, Nichols and Williams, for felony murder of the same victim.  Only one shot was fired in the murder.  At Nichols' trial, the state argued that Nichols was the shooter.  At Williams' trial, however, the state argued that Williams was the shooter.  Despite that obvious contradiction, due process was not violated because the factual inconsistency was immaterial to the state's consistent, underlying theory of guilt—that both men were parties to a felony murder.  <u>Nichols</u>, 69 F.3d at 1268-72.

<u>Thompson v. Calderon</u>, 120 F.3d 1045, 1058-59 (9th Cir. 1997), which Lecco also cites, emphasizes the same principles.  Due process is violated when a prosecutor, "in order to convict two

8

defendants at separate trials, offer[s] inconsistent theories and facts regarding the same crime." Thompson, 120 F.3d at 1058. But inconsistent evidence is permissible as long as "the underlying theory 'remains consistent.'" Thompson, 120 F.3d at 1058-59 (quoting Haynes v. Cupp, 827 F.2d 435, 439 (9th Cir. 1987) (Kennedy, J.)).[1]

Our court of appeals is in accord. The Fourth Circuit has characterized Smith's teaching as follows: "In some situations, the Due Process Clause prohibits the government from presenting *mutually inconsistent theories* of the same case against *different defendants*." United States v. Higgs, 353 F.3d 281, 326 (4th Cir. 2003)(emphasis added). Other federal appeals courts have likewise recognized that the due process violation noted in Smith and Thompson applies only to fundamentally contradictory theories of guilt in separate trials. See United States v. Presbitero, 569 F.3d 691, 701-03 (7th Cir. 2009) (Smith and Thompson apply only where government takes fundamentally opposite positions in two prosecutions); United States v. Dickerson, 248 F.3d 1036, 1043-44 (11th Cir. 2001)(Thompson principle applies only where government "could not have prosecuted the remaining individual for the same

---

[1]Lecco also cites Judge Kravitch's concurring opinion in Drake v. Kemp, 762 F.2d 1449 (11th Cir. 1985) (en banc). That opinion's reasoning mirrors Smith and Thompson. Judge Kravitch would have found a due process violation because "the prosecution's theories of the same crime in the two different trials negate one another. They are totally inconsistent." Drake, 762 F.2d at 1479.

crime had the Government maintained the theory or facts argued in the earlier trial").

The requisites of <u>Smith</u> and <u>Thompson</u> are absent here.  No separate trials of different defendants are pending.  Rather, Lecco alone will be tried for procuring the murder of a federal informant.  The United States' theory of Lecco's guilt has remained consistent from the outset of this case:  In April 2005, after Lecco continued to sell cocaine in violation of federal law and when he was supposed to be cooperating with law enforcement, Collins informed the authorities about Lecco's continuing criminal activity.  As a result, Trooper Perdue ended Lecco's opportunity to cooperate.  In response, Lecco had Collins killed, because he knew she was an informant and suspected that she had reported his continuing drug business.  Using his supply of cocaine to manipulate addicts into carrying out his wishes, Lecco ordered Collins' murder, supplied the gun used to shoot her, orchestrated the cover-up, and personally supervised her burial.[2]

The testimonial inconsistencies named in Lecco's motion are immaterial to this core theory of the case.  Lecco is guilty whether he supplied one gun or two.  He is guilty whether he provided the murder weapon to Pat Burton directly or through her husband.  And he is guilty whether it was Burton or Valerie Friend

---

[2]The evidence corroborating this theory is detailed in the October 22, 2009 Response of the United States to Defendant Lecco's Motion in Limine as to Patricia Burton (Dkt. 1167).

who fired the first shot or hit Collins with a rock.  No matter what transpired in the trailer on Double Camp, no matter which of these pieces of testimony the jury chooses to credit, the United States' theory of the case is the same.[3]  The precedents regarding contradictory theories of guilt do not apply.

*    *    *    *    *    *    *

Lecco is not without a remedy for the testimonial inconsistencies that he anticipates.  Defense counsel can cross-examine Burton and Friend on any area in which their testimony differs.  If Burton's testimony contradicts her prior statements, counsel may use those statements to impeach her.  And counsel can attack both women's credibility in opening and closing arguments.  But Lecco cannot do what his motion attempts:  force the United States to exclude testimony solely on the basis of expected inconsistencies.  The Supreme Court, the Fourth Circuit, its sister circuits, and this Court have all made that point clearly.  Lecco's cited authorities are expressly inapplicable where, as here, there is but a single defendant and the United States has consistently

---

[3] Indeed, the defense has acknowledged on at least two occasions that such details do not affect the United States' theory of the case.  In the November 10, 2009 motions hearing, defense counsel suggested that crime-scene photographs establishing details of "the actual killing" of Ms. Collins are "not necessary for the government's case against" Lecco. Hrg. Tr. at 6-7 (Nov. 10, 2009). And in this very motion, Lecco concedes that the inconsistencies he anticipates "may not matter to the government's theory of the case." Mot. at 6.

advanced a uniform theory of guilt.  Lecco's motion should be denied.

          Respectfully Submitted,

          CHARLES T. MILLER
          United States Attorney


          s/Philip H. Wright
          Philip H. Wright Bar Number: 7106
          Assistant United States Attorney
          Attorney for the United States
          United States Attorney's Office
          300 Virginia Street East, Suite 4000
          Charleston, West Virginia 25301
          Telephone: (304) 345-2200
          Fax: (304) 347-5104
          Email: Philip.Wright@usdoj.gov


          s/Steven Ruby
          STEVEN RUBY
          WV Bar No. 10752
          Assistant United States Attorney
          Attorney for United States
          P.O. Box 1713
          Charleston, WV  25326
          Phone: 304-345-2200
          Fax: 304-347-5104
          E-mail: steven.ruby@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT LECCO'S MOTION IN LIMINE TO BAR THE GOVERNMENT FROM PRESENTING FACTUALLY INCONSISTENT THEORIES AS TO THE MURDER OF CARLA COLLINS" has been electronically filed with the Clerk of Court this the 4th day of December, 2009 using the CM/ECF system and served upon opposing counsel as follows:

>Gerald T. Zerkin
>Amy L. Austin
>Federal Public Defender's Office
>701 E. Broad Street, Suite 3600
>Richmond, VA  23219
>amy_austin@fd.org
>gerald_zerkin@fd.org
>
>Brian J. Kornbrath
>Federal Public Defender's Office
>230 West Pike Street, Suite 360
>Clarksburg, WV 26301
>brian_kornbrath@fd.org
>
>Gary A. Collias
>P.O. Box 70007
>Charleston, WV  25301
>
>Kevin M. McNally
>P.O. Box 1243
>Frankfort, KY  40601
>kmcnally@dcr.net

<u>s/Philip H. Wright</u>
Philip H. Wright Bar Number: 7106
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
300 Virginia Street East, Suite 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Fax: (304) 347-5104
Email: Philip.Wright@usdoj.gov


<u>s/Steven Ruby</u>
STEVEN RUBY
WV Bar No. 10752
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5104
E-mail: <u>steven.ruby@usdoj.gov</u>