IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 2:05-00107-1

**GEORGE M. LECCO**
    **also known as "Porgy"**

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION IN LIMINE REGARDING VERBAL EXCHANGES
AMONG CARLA COLLINS, PATRICIA BURTON, VALERIE FRIEND
AND CARMELLA BLANKENSHIP DURING THE KILLING OF CARLA COLLINS**

Comes now the United States of America, by R. Gregory McVey, Assistant United States Attorney for the Southern District of West Virginia, and files this response to defendant's above-styled Motion in Limine. The United States does not intend to introduce into evidence in its case-in chief statements regarding Ms. Collins' praying during the killing, her relationship to God or Jesus, or her relationship to her children.[1]

The United States, however, does intend to introduce evidence of statements by Patricia Burton to Carla Collins that Collins was shot at defendant's request. The United States further intends to introduce a related statement made by Patricia Burton to Collins, in which Burton explained that the reason Collins was shot was

---

[1]The United States does reserve the right, to introduce these statements to rehabilitate its witnesses, if necessary and relevant to any impeachment of Pat Burton, Valeri Friend or Carmella Blankenship.

because Collins had told law enforcement that defendant was still dealing cocaine and had firearms. Burton further explained to Collins that only she (Burton) and Collins knew that information, and since Burton had not told, Collins must have. This evidence is admissible and highly probative. To the extent defendant's motion moves for the exclusion of those statements, it should be denied.

## Analysis

I. **The Statements Are Relevant.**

The statements of Burton to Collins that Lecco wanted Collins killed and why he wanted her killed are clearly relevant. As defendant notes in his motion, Federal Rule of Evidence 404 defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Burton's statements to Collins directly support the charges in Count Ten (Witness Tampering by Killing) and Count Eleven (Witness Retaliation by Killing). The evidence tends to prove the identity of the assailant and the motive for the murder - both of which are necessary elements of the offenses charged in those counts.

The same statements circumstantially tend to prove the existence of the cocaine conspiracy, the substantive cocaine charges, as well as the firearm charges contained in the indictment.

## II. **The Statements are Admissible Co-conspirator Statements.**

Defendant argues that the statements constitute inadmissible hearsay. Defendant is incorrect. The statements are admissible as statements of a co-conspirator.[2]

Because a conspiracy is a partnership in crime the declarations of each conspirator made in furtherance of the conspiracy are deemed to be the declarations of all conspirators. Fed. R. Evid. 801(d)(2)(E) provides that statements made by co-conspirators during the course of, and in furtherance of, a conspiracy are not hearsay and are admissible against all conspirators. <u>See</u> <u>also</u> <u>United States v. Neal</u>, 78 F.3d 901, 905 (4th Cir.), <u>cert. denied</u>, 519 U.S. 855 (1996). Under the rule there is no requirement that a substantive count of conspiracy be charged. E.g., <u>United States v. Grossman</u>, 843 F.2d 78, 83 (2d Cir. 1988)(no conspiracy count charged). The United States merely needs to demonstrate that the declarant and the defendant against whom the statements are offered are members of a conspiracy in furtherance of which the statements are made, and that this

---

[2] Burton's statements to Collins that Collins was shot at defendant's request and a related statement in which Burton explained that the reason Collins was shot was because Collins had told law enforcement that defendant was still dealing cocaine and had firearms is also admissible evidence relevant to Burton's - and ultimately defendant's- intent, plan, and motive. It would be, therefor, also admissible pursuant to Rule 303(3) of the Federal Rules of Evidence, which allows admission of a "statement of the declarant's then existing state of mind, emotion, sensation, ...(such as intent, plan, motive..."

conspiracy is factually intertwined with the offenses being tried. Grossman, 843 F.2d at 83 (emphasis in original)(quoting United States v. Lyles, 593 F.2d 182, 194 (2d Cir. 1985)).

Defendant admits that the statements were made in the course of the conspiracy. Defendant contends, without supporting case law, that the statements were not made in furtherance of the conspiracy "since Collins had been already been shot and the murder was well underway." Def. Motion at p. 8.  The relevant case law, however, clearly shows defendant's contention is incorrect.

Defendant essentially asks this court to construe narrowly the "in furtherance" prong of the co-conspirator statement admissibility requirement. The Fourth Circuit, however, in United States v. Smith, 441 F.3d 254 (4th Cir. 2006), stated that "[m]ost courts, including the Fourth Circuit, 'construe the in furtherance requirement so broadly that even casual relationships to the conspiracy suffice to satisfy the exception.'" Id. at 262, quoting Jack B. Weinstein & Margaret A. Berger, Weinsteins' Federal Evidence vol. 5 §§ 801.34[5], 801-89 (Joseph M. McLaughlin ed., 2d ed., Matthew Bender 2005).  The Smith court further noted that a statement is made in furtherance of a conspiracy " . . .if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect."

For example, in Neal, the Fourth Circuit held that although the declarant's statements (that a drug sale would not take place

4

due to police presence in the neighborhood) did not further the cause of a particular drug deal, they did further the cause of the conspiracy.  Neal, 78 F.3d at 905.

In United States V. Robinson, 367 F.3d 278 (5th Cir. 2004), the defendant challenged the admission of testimony at the sentencing phase of his death penalty murder trial . A confidential informant testified that he was accosted by three of Robinson's confederates, threatened at gunpoint, then kidnaped and assaulted. Id. at 292. The informant further testified that during the assault, one of his attackers stated that they "were going to kill him because he had 'snitched' on a gang leader." Id.  The identity of the gang leader was linked to Robinson by other evidence.

The Fifth Circuit held the "in furtherance requirement is not to be construed too strictly lest the purpose of the exception be defeated." Id. (quoting United States v. Phillips, 219 F.3d 404, 418019 (5th Cir. 2000)) (internal quotations omitted).  The court further explained that the assailant's declaration was not only a threat, "but was an explanation of why the threat was legitimate." Robinson at 292.[3]

---

[3]Robinson objected, on constitutional grounds, to the provision of the Federal Death Penalty Act which makes the Federal Rules of Evidence inapplicable to the sentencing phase of trial. However, the court declined to rule on this issue, and analyzed the admissibility of the statements solely under and 801(d)(2)(E) analysis. Robinson at 292.

5

The statements in the instant case were made in furtherance of a conspiracy. The statements support the notion that Lecco, Burton, and Friend conspired to murder Collins to retaliate against her for providing information to law enforcement about defendant's ongoing criminal activity. In other words, informing Collins why and on whose order she was to be murdered, while the murderers were in the throes of the act, was part of the retaliation, effectively rubbing psychological salt into the already inflicted physical wounds.

Defendant further argues that the statements cannot be in furtherance of the conspiracy because they occurred after Collins was shot. That argument focuses too narrowly on the means rather than the goal of the conspiracy. Collins was still alive, and, as stated above, the statements only served to make Collins suffer punishment for her cooperation with law enforcement.

In United States v. Howard, 115 F.3d 1151, 1156 (4th Cir. 1997), the court held that jailhouse conversations between two of Howard's co-conspirators about Howard's involvement in the conspiracy satisfied the in furtherance requirement of 801(d)(2)(E) and were admissible against Howard. The court held that merely because the statements were made post-arrest and while the declarant was incarcerated did not take the statements outside the scope of Rule 801(d)(2)(E). Id. The court noted that the discussion

was born of an avid interest that the conversants were taking in the continued mechanics and operations of the conspiracy. Id.[4]

Perhaps the best illustration of why Burton's statements satisfy the "in furtherance requirement" is seen by contrasting her statements with those the court, on are occasion, has deemed inadmissible. In United States v. Urbanik, 801 F.2d 692 (4th Cir. 1986), a government witness stated that he was lifting weights with a drug dealer named Pelino. During the conversation about weight lifting, Pelino mentioned that Urbanik was small in stature, but could nonetheless bench press 300 pounds. Pelino further described Urbanik as his Floridian source of supply for marijuana. Given the circumstances of the exchange, the court held that the statements were not made in furtherance of the conspiracy, but were merely "idle chatter." Id. at 698. The "idle chatter" exception has, however, been narrowly construed. See Howard at 1136, and United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993). Again, in the

---

[4] In addition, the following statements have been found to be in furtherance of a conspiracy: (1) narrative statements by one co-conspirator to another reporting the activities of the group (United States v. Cambindo-Valencia, 609 F.2d 603, 632 (2d Cir. 1979), cert. denied, 446 U.S. 940 (1980)); (2) "recruiting" statements to bring new members into the group (United States v. Shoffner, 826 F.2d 619, 628 (7th Cir.), cert. denied, 484 U.S. 958 (1987)); (3) statements which were "part of the information flow between conspirators intended to help each perform his role" (United States v. Van Daal Wyk, 840 F.2d 494, 499 (7th Cir. 1988)); (4) assurances to another conspirator that a member of the group can be trusted to perform his role where concealment is the aim of the conspiracy (United States v. Buishas, 791 F.2d 1310, 1315 (7th Cir. 1986)).

instant case, Burton's statements to Collins concerning why Collins was to be murdered and on whose order, while the murder was taking place, cannot be seen as mere idle chatter.

## Conclusion

For the reasons state above, Burton's statements to Collins concerning why collins was to be killed and on whose order the killing was to be done, are admissible as co-conspirator statements. To the extent defendant's motion seeks to exclude them, they should be denied.

>Respectfully Submitted,
>
>CHARLES T. MILLER
>United States Attorney
>
>s/R. Gregory McVey
>R. Gregory McVey Bar Number: 2511
>Attorney for the United States
>United States Attorney's Office
>300 Virginia Street East, Suite 4000
>Charleston, West Virginia 25301
>Telephone: (304) 345-2200
>Fax: (304) 347-5104
>Email: Greg.McVey@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION IN LIMINE REGARDING VERBAL EXCHANGES AMONG CARLA COLLINS, PATRICIA BURTON, VALERIE FRIEND AND CARMELLA BLANKENSHIP DURING THE KILLING OF CARLA COLLINS" has been electronically filed with the Clerk of Court this the 4th day of December, 2009 using the CM/ECF system and served upon opposing counsel as follows:

>Gerald T. Zerkin
>Amy L. Austin
>Federal Public Defender's Office
>701 E. Broad Street, Suite 3600
>Richmond, VA  23219
>amy_austin@fd.org
>gerald_zerkin@fd.org
>
>Brian J. Kornbrath
>Federal Public Defender's Office
>230 West Pike Street, Suite 360
>Clarksburg, WV 26301
>brian_kornbrath@fd.org
>
>Gary A. Collias
>P.O. Box 70007
>Charleston, WV  25301
>
>Kevin M. McNally
>P.O. Box 1243
>Frankfort, KY  40601
>kmcnally@dcr.net

>>s/R. Gregory McVey
>>R. Gregory McVey Bar Number: 2511
>>Attorney for the United States
>>United States Attorney's Office
>>300 Virginia Street East, Suite 4000
>>Charleston, West Virginia 25301
>>Telephone: (304) 345-2200
>>Fax: (304) 347-5104
>>Email: Greg.McVey@usdoj.gov