```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 2:05-00107**

**GEORGE M. LECCO**
    **also known as "Porgy"**

### UNITED STATES MOTION IN LIMINE
### TO EXCLUDE TESTIMONY OF ASSISTANT UNITED STATES ATTORNEY
### <u>AND FEDERAL PUBLIC DEFENDER</u>

Comes now the United States of America, by R. Gregory McVey, Assistant United States Attorney for the Southern District of West Virginia, and files this Motion in Limine to Exclude Testimony of an Assistant United States Attorney and the Federal Public Defender. The testimony is irrelevant.

### Factual Background

On January 19, 2005, the United States Attorney's Office opened an investigation of defendant for the sale of cocaine. That investigation was opened by Assistant United States Attorney (AUSA)John Frail. AUSA Frail was responsible for the matter until March 17, 2005. During that time, agents conducted several controlled buys from defendant, obtained and executed a federal search warrant at defendant's place of business, and served defendant with a federal target letter in anticipation of his cooperation against other targets.

On March 14, 2005, Carla Collins, at the request of and on behalf of defendant, signed a confidential informant agreement to cooperate with the investigating agents.

On March 17, 2005, the matter was transferred from AUSA Frail to AUSA Karen Schommer. The matter was handled by AUSA Schommer until July 18, 2005. See attached Exhibit A.

At defendant's first trial, Task Force Agent Andy Perdue testified that during the period following the execution of the search warrant, he and the other agents had information from informants that defendant was still dealing cocaine. Trial Transcript, May 1, 2007, at p. 47. Perdue confronted defendant with this information in late March or early April of 2005. Id. at 47-48.

When confronted, defendant insisted that he be allowed to sell cocaine to maintain his credibility in the drug community. Defendant also expressed his desire to carry a firearm. Defendant further stated that if he could not carry a gun, he did not want to cooperate. Id. at 47. Perdue then told defendant that he could no longer work with him and that he would contact the United States Attorney's Office. Id. at 47-48.

Under cross-examination, Perdue testified that he informed defendant that he would call John Frail to tell him that they couldn't use defendant's cooperation any longer. Id. at 81-82. Perdue also testified under cross-examination by Federal Public

Defender Mary Lou Newberger that he did not document the conversation between him and defendant. Perdue then testified that he called the United States Attorney's Office to inform them that defendant was terminated as a confidential informant. <u>Id.</u> at 82.

On April 3, 2005, Perdue asked Carla Collins if defendant was still dealing cocaine. Collins told Perdue that defendant had recently purchased two ounces of cocaine. <u>Id.</u> at 48.

On May 3, 2005, defendant was arrested on a complaint for distribution of cocaine. See attached Exhibit B.

In a letter to AUSA Philip Wright dated February 2, 2010, defense counsel indicated they intend to call AUSA Frail as a defense witness at trial. According to the letter, Frail is expected to testify as follows: that he "has no recollection of any communication from law enforcement regarding defendant's status as an informant. According to Mr. Frail, he would not generally receive updates from law enforcement regarding an informant's on-going cooperation. However, Mr. Frail will testify that, if there were problems associated with an informant, he would likely receive law enforcement contact and pass that information along to the informant's attorney of record. If an informant's cooperation was terminated, Mr. Frail indicates the case would then be worked up with a plea and brought into court." See attached Exhibit C.

The letter also states that defendant intends to call Federal Public Defender Mary Lou Newberger as a witness. Ms. Newberger is

expected to testify that she never received any contact from AUSA Frail or any other federal prosecutor that defendant's cooperation was terminated.

## Analysis

Defendant seeks to impeach the testimony of Sergeant Perdue with the testimony of AUSA Frail and Ms. Newberger. However, the testimony as proffered does not accomplish that and is, therefore, irrelevant.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

AUSA Frail was not responsible for the Lecco matter in late March or early April. The matter had been transferred to AUSA Schommer by then. Therefore, AUSA Frail's testimony would have no tendency whatsoever to make less probable the existence of the fact defendant seeks to prove - that Perdue did not call the United States Attorney's Office.

Furthermore, Purdue never testified that he actually called AUSA Frail. He testified that he told defendant that he would call Frail. As to the actual call, Perdue testified that he called the United States Attorney's Office, without naming a specific Assistant United States Attorney. By that time, however, AUSA Frail

would not have been assigned to the matter. Had Frail received a call from Perdue, Frail's testimony would be that he would have transferred the call to AUSA Schommer. In any event, AUSA Frail has no recollection, one way or the other, of receiving such a call. Therefore, his testimony would not serve to impeach that of Perdue.

The testimony of AUSA Schommer would likewise be irrelevant as impeachment of Perdue's testimony. If called to testify, Ms. Schommer would state that she, as indicated above, was responsible for the Lecco matter as of March 17, 2005. She would further testify that while she does not remember a specific phone call from Perdue informing her that defendant's cooperation had ceased, she recalls that she was aware that defendant was engaged in ongoing criminal activity. AUSA Schommer would also testify that she would never contact a cooperator's attorney to inform them of their client's continued criminal conduct.[1] Instead, the defendant would be charged in some manner, just as defendant was in this case on May 3, 2005.

Defendant intends to call Ms. Newberger to testify that she was never informed by any federal prosecutor that defendant's cooperation had been terminated. While obviously a correct statement of fact, it has no tendency whatsoever impeach Perdue's

---

[1] Although AUSA Frail stated in response to a general inquiry that he would call defense counsel if a "problem" arose with a cooperating individual, he would also testify that he would not contact the attorney if that problem involved ongoing criminal activity.

testimony. Ms. Newberger would not have been informed by any prosecutor that her client was being investigated for ongoing criminal activity. Therefore, it does not tend to prove that defendant's cooperation had not been unilaterally terminated by Perdue. All Ms. Newberger's testimony would prove is that she was not aware of the termination. It is interesting to note that although Ms. Newberger was aware during the first trial that she had not been informed her client's cooperation had been terminated, she was not made a witness then. This further serves to demonstrate that her testimony is simply not relevant nor material.

        Respectfully submitted,

        CHARLES T. MILLER
        United States Attorney


        s/R. Gregory McVey
        R. Gregory McVey Bar Number: 2511
        Attorney for the United States
        United States Attorney's Office
        300 Virginia Street East, Suite 4000
        Charleston, West Virginia 25301
        Telephone: (304) 345-2200
        Fax: (304) 347-5104
        Email: Greg.McVey@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "United States Motion in Limine To Exclude Testimony of Assistant United States Attorney and Federal Public Defender" has been electronically filed with the Clerk of Court this the 9th day of February, 2010 using the CM/ECF system and served upon opposing counsel as follows:

Gerald T. Zerkin
Amy L. Austin
Federal Public Defender's Office
701 E. Broad Street, Suite 3600
Richmond, VA  23219
amy_austin@fd.org
gerald_zerkin@fd.org

Brian J. Kornbrath
Federal Public Defender's Office
230 West Pike Street, Suite 360
Clarksburg, WV 26301
brian_kornbrath@fd.org

Gary A. Collias
P.O. Box 70007
Charleston, WV  25301

Kevin M. McNally
P.O. Box 1243
Frankfort, KY  40601
kmcnally@dcr.net

s/R. Gregory McVey
R. Gregory McVey Bar Number: 2511
Attorney for the United States
United States Attorney's Office
300 Virginia Street East, Suite 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Fax: (304) 347-5104
Email: Greg.McVey@usdoj.gov