# FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF WEST VIRGINIA

| U.S. COURTHOUSE | HUNTINGTON BANK BUILDING | MVB BANK BUILDING |
|---|---|---|
| 1125 CHAPLINE STREET; RM 208 | 230 WEST PIKE STREET; SUITE 360 | 651 FOXCROFT AVENUE; STE. 202 |
| WHEELING, WV 26003 | CLARKSBURG, WV 26301 | MARTINSBURG, WV 25401 |
| PHONE: (304) 233-1217 | PHONE: (304) 622-3823 | PHONE: (304) 260-9421 |
| FAX: (304) 233-1242 | FAX: (304) 622-4631 | FAX: (304) 260-3716 |

Visit Our Web Site at: http://wvn.fd.org

REPLY TO:   CLARKSBURG

February 2, 2010

Philip H. Wright, Esq.
United States Attorney
Southern District of West Virginia
300 Virginia Street East
Charleston, West Virginia 25301

    Re:    United States of America v. George Lecco
           Criminal No. 2:05-00107

Dear Mr. Wright:

    I write to pursuant to United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951); Section 1-6.000 of the United States Attorney Manual; and 28 C.F.R. §16.21 et seq. The defendant in the above-captioned case intends to issue a subpoena to Assistant United States Attorney John Frail for trial testimony. A copy of the subpoena is enclosed and will be properly served on Mr. Frail in the near future. This correspondence serves as "a statement by the party seeking the testimony . . . setting forth a summary of the testimony sought . . ." 28 C.F.R. §16.23(c)

    By way of background and as you are aware, the Supreme Court has ruled that the Attorney General may lawfully make regulations instructing employees with regard to the production of testimony and documents in litigation. United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), see also 5 U.S.C. §301. The Attorney General has regulations governing such disclosure, which are found at 28 C.F.R. §§ 16.21 through 16.29, and are known as the Touhy regulations. These regulations set up a procedure by which Department of Justice officials make decisions about whether an employee called upon to testify or to produce documents in litigation is permitted to disclose the requested information. Once the demand containing the summary of the testimony sought is submitted, the appropriate persons in the Department of Justice will make a decision about whether the testimony will be disclosed. See 28 C.F.R. §16.22 and §16.24.

    Assistant United States Attorney John Frail will provide material and relevant evidence which, in part, rebuts law enforcement assertions that the defendant was told he could no longer work as an informant because of his alleged post-February 16, 2005 drug dealing activities. On

Exhibit C

Philip H. Wright, Esq.
February 2, 2010
Page 2

February 16, 2005, the defendant agreed to cooperate with law enforcement following a search of the Pizza Plus. On February 17, 2005, the defendant met with Assistant United States Attorney John Frail at the United States Attorney office in Charleston, West Virginia where he received a grand jury target letter drafted by Mr. Frail. (Govt. Bates No. 13). The defendant continued to participate as an informant until "the latter part of March, early part of April" when T.F.C. Anthony Perdue indicated he "would notify the U.S. Attorney's Office . . . [that] we could no longer work with him." Trial Testimony of Perdue at page 47-48.

To date, the government has produced no documentation that supports the purported claim of T.F.C. Perdue that the defendant was terminated as an informant.

The defendant asserts that Assistant United States Attorney John Frail will testify that he has no recollection of any communications from law enforcement regarding defendant's status as an informant. According to Mr. Frail, he would not generally receive updates from law enforcement regarding an informant's on-going cooperation. However, Mr. Frail will testify that, if there were problems associated with an informant, he would likely receive law enforcement contact and pass that information along to the informant's attorney of record. If an informant's cooperation was terminated, Mr. Frail indicates the case would then be worked up with a plea and brought into court.

The defense further intends to call Federal Public Defender Mary Lou Newberger at trial. Ms. Newberger was appointed to represent the defendant after the grand jury target letter issued, and is expected to testify that she never received any contact from Mr. Frail or any other federal prosecutor that the defendant's cooperation services were terminated. Further, Ms. Newberger was never told that the grand jury target letter would transform into an immediate prosecution given defendant's cooperation status had concluded.

Viewed in the light most favorable to the defendant, this evidence supports a claim that the defendant's cooperation was never in fact terminated by law enforcement. The defendant clearly understood that both his on-going cooperation, and the cooperation provided by Carla Collins, who was working as an informant on his behalf, might result in a lower sentence once he was prosecuted in federal court. As a result, the defendant lacked motive to solicit the murder of Ms. Collins.

I am confident this summary statement will be sufficient to satisfy your concerns that Assistant United States Attorney John Frail is a material witness for the defense. Please contact me at (304) 622-3823 if you require any additional information.

Philip H. Wright, Esq.
February 2, 2010
Page 3

                            Very truly yours,

                            Brian J. Kornbrath
                            Federal Public Defender

cc:    Gerald T. Zerkin, Death Penalty Resource Counsel (w/o enclosure)
        Amy L. Austin, Assistant Federal Public Defender (w/o enclosure)

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.

GEORGE M. LECCO

**SUBPOENA IN A CRIMINAL CASE**

Case Number: 02:05CR0107

TO: John Frail
Assistant United States Attorney

X   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| UNITED STATES DISTRICT COURT<br>6009 Robert C. Byrd United States Courthouse<br>300 Virginia Avenue, East<br>Charleston, West Virginia 25301 | Judge John T. Copenhaver, Jr. |
|  | DATE AND TIME |
|  | April 5, 2010 @ 9:30 am |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| TERESA L. DEPPNER, Clerk | |
| (By) Deputy Clerk | JAN 27 2010 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Gerald T. Zerkin, Amy L. Austin, Assistant Federal Public Defenders
701 E. Broad Street, Suite 3600
Richmond, VA 23219
(804) 343-0800

Brian J. Kornbrath, Federal Public Defender
230 West Pike Street, Suite 360
Clarksburg, West Virginia 26301
(304) 622-3823