IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal Action No. 2:05-00107 |
| GEORGE M. LECCO, : | |
| Defendant : | |

### DEFENDANT'S MOTION FOR PRODUCTION OF PATRICIA BURTON'S PRESENTENCE REPORT

Comes now the defendant, George M. Lecco, by counsel and requests production of the Presentence Report ("PSR") for Patricia Burton pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Kyles v. Whitley*, 514 U.S. 419 (1995), *United States v. Bagley* 473 U.S. 667 (1985), and the *Jencks* Act, 18 U.S.C. § 3500.

### ARGUMENT

In a sentencing hearing held May 12, 2006, this Court discussed the contents of the PSR for Patricia Burton. In the course of those proceedings, the following findings were made:

> The Court notes that its findings are made on the basis of that which is set forth in the presentence report to which the defendant has attested as to its factual accuracy. In doing so, the Court recognizes that the presentence report at times carries two versions of events. The second of the two is the one that the defendant presents.

(Transcript of May 12, 2006, Crim. No. 2:05-00155, p. 38)(attached hereto as exhibit 1).

While PSR's are unique documents, if the defendant can specify what information within a PSR that he expects will reveal exculpatory or impeachment

evidence, a district court may conduct an *in camera* review of the report of an anticipated government witness to determine whether disclosure is appropriate. *United States v. Beckford*, 962 F.Supp. 780, 800 (E.D. Va. 1997)(citing *United States v. Trevino*, 89 F.3d 187, 192-93 (4th Cir. 1996)).  Additionally, if the contents of a PSR constitute *Brady* or *Bagley* material and that PSR is in the possession of the government, those contents must be disclosed to the defendant.  *Beckford*, at 800.

The government is clearly in possession of Patricia Burton's PSR and she is a material witness in the upcoming trial of Mr. Lecco.  The findings made by this Court on May 12, 2006 establish that there are two "versions" of events relevant to the indictment against Mr. Lecco contained in the requested PSR and that Patricia Burton has attested to the factual accuracy of one of those versions.  Accordingly, there is a "statement," within the meaning of *Jencks*, of Patricia Burton contained in the PSR that Mr. Lecco is entitled to review.  *See Beckford*, 797 (finding that a PSR, as a whole, is not a "statement" within meaning of *Jencks*, but certain parts may constitute a *Jencks* statement if the subject of the PSR adopts the same).  Further, as Patricia Burton has provided several inconsistent statements while under oath and to various law enforcement officers,[1] it is highly likely that the "version" to which Burton attests in the PSR is material as impeachment evidence.

As to the second version of events contained in the PSR, Mr. Lecco is likewise entitled to review that information and, of course, discover the source of that information if it is exculpatory, material, or impeachment information for any of the witnesses set to be called by the government against Mr. Lecco.

---

[1] See Defendant's Motion in Limine, Dckt. # 1173.

Accordingly, Mr. Lecco is entitled, at the very least, to have this Court conduct an *in camera* review of the requested PSR to determine whether production of any portion thereof is appropriate.

WHEREFORE, Mr. Lecco respectfully requests this Court conduct an *in camera* review of the requested PSR and/or direct the government to provide those portions of the PSR as required by *Brady*, *Bagley* and *Jencks*.

                          GEORGE LECCO

                          By:_____

Amy L. Austin
WVSB # 6286
VSB # 46579
Assistant Federal Public Defender
Gerald T. Zerkin
Capital Resource Counsel
VSB # 16270
*Counsel for Defendant*
701 East Broad Street, Suite 3600
Richmond, Virginia 23219
(804) 343-0800
(804) 648-5033 (fax)
gerald_zerkin@fd.org
amy_austin@fd.org

Brian J. Kornbrath
Federal Public Defender
Federal Public Defender's Office
230 West Pike Street, Suite 360
Clarksburg, WV 26301
brian_kornbrath@fd.org

*Counsel for Defendant*

CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of April, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

Philip H. Wright
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 304/347-5104
philip.wright@usdoj.gov

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 304/347-5104
greg.mcvey@usdoj.gov

        /s Amy L. Austin
Amy L. Austin
WVSB # 6286
VSB # 46579
Assistant Federal Public Defender
Gerald T. Zerkin
VSB # 16270
Capital Resource Counsel
Counsel for Defendant
701 East Broad Street, Suite 3600
Richmond, Virginia 23219
(804)343-0800
(804) 648-5033 (fax)
gerald_zerkin@fd.org
amy_austin@fd.org