UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:05-00107-01

GEORGE LECCO

MEMORANDUM OPINION AND ORDER

Pending is defendant's motion for the ex parte
deposition of a witness pursuant to Federal Rule of Criminal
Procedure 15, filed March 22, 2010.

On a date unstated in the instant motion, defense
investigator Julianne Cuneo attempted to interview Trooper R.G.
Flippen of the West Virginia State Police.  Ms. Cuneo asserts
that Trooper Flippen at first cooperated with the request.  After
consulting with a State Police supervisor, however, defendant
contends that Trooper Flippen advised Ms. Cuneo that he was told
"it would be best to stay silent."  (Mot. at 2).  Trooper Flippen
has since had no further communication with Ms. Cuneo.

The United States responds that Trooper Flippen was
advised by the supervisor that he was not required to speak with
Ms. Cuneo and that he then, of his own accord apparently, chose

not to do so.  (Resp. at 1, 2 (stating that "If the investigator believes otherwise, then she has misunderstood" and noting also the supervisor's observation that "State Police members often seek his advice when approached by investigators, and his response is always the same: you may speak with the investigator if you want, but you are not required to.")).

Nevertheless, the United States appears to have taken immediate prophylactic measures:

> In an abundance of caution, the United States has made certain that . . . Flippen understands he is free to be interviewed by defendant's investigator. . . . [His supervisor] has done the same. . . . Flippen advises that he fully understands that point and understood it when he declined the investigator's request.  The United States is not in a position to command . . . Flippen to submit to an interview, but it has no doubt whatsoever that he knows he may do so if he chooses.

(Id. at 3).

Defendant now moves for permission to conduct an ex parte deposition of Trooper Flippen prior to trial pursuant to Rule 15.  He asserts that "the actions of the government in this case, whether it be the government's attorney or one of the government's agents, has denied the defendant a fair trial by denying him access to evidence necessary to mount a defense." (Id.)

II.


Defendant relies principally upon <u>Gregory v. United States</u>, 369 F.2d 185, 188 (D.C. Cir. 1966).[1]  The decision is distinguishable inasmuch as the defendant there alleged that the prosecutor was <u>directly</u> responsible for the stone-walling activity in the case by advising crime-scene witnesses not to speak with anyone unless he was present.  In this case, the prosecutor did the opposite.  Confronted with an allegation of stonewalling, the United States counseled Trooper Flippen appropriately.  If Trooper Flippen yet refuses to be interviewed by the defense, he cannot be compelled to do so.  <u>United States v. Walton</u>, 602 F.2d 1176, 1179-80 (4th Cir. 1979) ("A witness is not the exclusive property of either the government or a defendant; a defendant is entitled to have access to any prospective witness, although in the end the witness may refuse to be interviewed.").

---

[1]Defendant also asserts that Trooper Flippen played an integral part in the investigation of this case and, as such, that he is properly deemed a government agent.  Having that status, defendant contends that Trooper Flippen "should be held to the same standards as any member of the government's team."  (Mot. at 3).  With that factual predicate, defendant relies upon <u>Kyles v. Whitley</u>, 514 U.S. 419, 438 (1995), and its progeny, which recognize a prosecutorial "duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."  The United States' response to defendant's motion, quoted earlier, indicates its awareness of the obligation imposed.

In any event, Rule 15 provides no basis for the relief sought by defendant.  That provision contemplates depositions in a criminal case only where necessary to preserve a witness' testimony for trial or upon request by a detained material witness.  Neither situation is presented here.  Rule 15 is not an additional discovery device beyond those already provided in Rule 16.

The court, accordingly, ORDERS that defendant's motion for an <u>ex parte</u> deposition of a witness pursuant to Federal Rule of Criminal Procedure 15 be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.

DATED: April 6, 2010

John T. Copenhaver, Jr.
United States District Judge

4