```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
               AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                               CRIMINAL ACTION NO. 2:05-00107-01

**GEORGE LECCO**

## MEMORANDUM OPINION AND ORDER

Pending is the United States' motion in limine to exclude testimony by an Assistant United States Attorney ("AUSA"), filed April 15, 2010.

The United States seeks to exclude testimony by AUSA Philip H. Wright. The motion is prompted by an April 13, 2010, letter from defense counsel stating their desire to subpoena AUSA Wright as a defense witness at trial for purposes of impeaching the testimony of potential witnesses Walter Harmon, Charles Hatfield, and Patricia Burton.

In substance, defendant notes that, following trial preparation on three separate dates in August and September of 2005, AUSA Wright supplemented in writing certain memoranda originally prepared by Sergeant A.S. Perdue. The supplemental memoranda related to witness interviews with Harmon, Hatfield,

and Burton. Defendant appears to assert that he will seek to impeach these three witnesses if they testify at trial contrary to any statements contained in AUSA Wright's supplemental memoranda. The United States contends, however, that many components of the witnesses' statements identified by defendant are found in the transcript of the first trial. It accordingly asserts that the witnesses can be impeached without the necessity of calling AUSA Wright, by use of either their prior testimony or by testimony elicited from Sergeant Perdue, who was present for each interview that resulted in a supplemental memorandum.

Defendant emphasizes the contingent nature of his plans to call AUSA Wright, noting only that AUSA Wright "may be needed as an impeachment witness should . . . [Harmon, Hatfield, and Burton] deny certain assertions made in the presence of Mr. Wright during the course of the investigation in this case." (Resp. at 1). Defendant further states as follows:

> It is entirely possible that Harmon, Hatfield and Burton will admit to making the[ir earlier] statements in the presence of Mr. Wright during the course of the criminal investigation. However, should the witnesses deny such statements -- statements they were never confronted with during the previous trial -- then only Mr. Wright can serve as an impeachment witness for the defense. Only Mr. Wright reduced such information to writing years earlier.

(Id. at 2). Defendant does not comment specifically on the United States' suggestion that Sergeant Perdue instead of AUSA

2

Wright be used for impeachment purposes. He further asserts that "many" of the three witnesses' prior statements are not found in the transcript of the first trial, offering some detail in that regard. (Id.)

As both parties appear to agree, it is uncertain at this point whether the testimony of AUSA Wright or any other source will be necessary for impeachment purposes. The court, accordingly, ORDERS that the United States' motion be, and it hereby is, denied without prejudice pending the testimony of the identified witnesses. At that point, defendant may disclose whether it is in fact necessary to call AUSA Wright, along with a specification of the testimony of the witness(es) for which defendant then asserts that testimony by AUSA Wright will be necessary for impeachment purposes.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: April 19, 2010

John T. Copenhaver, Jr.
United States District Judge