AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | WEST VIRGINIA |

| UNITED STATES | **EXHIBIT AND WITNESS LIST** |
|---|---|
| V. | |
| GEORGE M. LECCO | Case Number:  2:05-00107-01 |

| PRESIDING JUDGE John T. Copenhaver, Jr. | PLAINTIFF'S ATTORNEY McVey, Miller, Burns | DEFENDANT'S ATTORNEY Zerkin, Austin, Kornbrath |
|---|---|---|
| TRIAL DATE (S) Penalty phase 4/28/-5/3/2010 | COURT REPORTER Barbara Steinke | COURTROOM DEPUTY Kelley Miller |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | 4/28/2010 | | | Tina Collins |
| 43 | | 4/28/2010 | Yes | Yes | Photograph of Carla Collins |
| 2 | | 4/28/2010 | | | Gary Epling |
| 3 | | 4/28/2010 | | | Jessica Collins |
| 4 | | 4/28/2010 | | | Kristen Epling |
| 44 | | 4/28/2010 | Yes | Yes | Photograph of grave |
| | 1 | 4/28/2010 | | | Thomas (Pete) Harmon |
| | P-1 | 4/28/2010 | Yes | Yes | Video clip |
| | 2 | 4/28/2010 | | | James Cottrell |
| | 3 | 4/28/2010 | | | Brandon Bowers |
| | 4 | 4/28/2010 | | | Gail Basham |
| | 5 | 4/28/2010 | | | Shawn Castle |
| | 6 | 4/28/2010 | | | Kenneth Short |
| | 7 | 4/28/2010 | | | Dr. Susan Keefe |
| | 8 | 4/28/2010 | | | Della Ricche |
| | 9 | 4/28/2010 | | | Dr. Mark Cunningham |
| | P-2 | 4/29/2010 | Yes | Yes | Patricia Burton's plea agreement |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.





GOVERNMENT
EXHIBIT

CASE
NO.

EXHIBIT
NO. 43





**GOVERNMENT EXHIBIT**

CASE
NO.

EXHIBIT
NO.   44

11/16/2005 04:32 FAX 304 347 7074    USAO ADMIN
Case 2:05-cr-00107   Document 1356   Filed 05/05/10   Page 6 of 13
Case 2:05-cr-00155   Document 35   Filed 12/09/05   Page 1 of 8
@002
3573



**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

| | |
|---|---|
| *United States Courthouse*<br>*300 Virginia Street, East*<br>*Charleston, WV 25301*<br>FAX: (304) 347-5104 | *Mailing Address*<br>*Post Office Box 1713*<br>*Charleston, WV 25326*<br>*(304) 345-2200*<br>*1-800-659-8726* |

FILED

DEC - 9 2005

TERESA L. DEPPNER, CLERK
U.S. District ▓▓▓▓▓▓ Courts
Southern District of West Virginia

November 16, 2005

Troy N. Giatras, Esquire
Giatras & Webb
118 Capitol Street, Suite 800
Charleston, WV 25301

Re:  **United States v. Patricia Burton**
     **Criminal No. 2:05-00155 (USDC SDWVa)**

Dear Mr. Giatras:

   This will confirm our conversations with regard to your client, Patricia Burton (hereinafter "Ms. Burton"). As a result of these conversations, it is agreed by and between the United States and Ms. Burton as follows:

   1.  **PENDING CHARGES**. Ms. Burton is charged in a four-count Superseding Indictment as follows:

   (a)  Count One charges Ms. Burton with a violation of 21 U.S.C. § 846 (conspiracy to distribute cocaine);

   (b)  Count Two charges Ms. Burton with a violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1) and 2 (aiding and abetting the use of a firearm to commit murder during a federal drug crime);

_____        _____
PATRICIA BURTON                      Date Signed  11/17/05
Defendant

_____        _____
TROY N. GIATRAS, ESQUIRE             Date Signed  11/20/05
Counsel for Defendant

FILE COPY



DEFENDANT
EXHIBIT
P-2
U.S. v. Lecco
Cr. No. 2:05-00107-1

Troy N. Giatras, Esquire
November 16, 2005
Page 2                              Re:  Patricia Burton

    (c)  Count Three charges Ms. Burton with a violation of 18
U.S.C. § 1121(a)(2)(murder of a person assisting a
federal investigation); and

    (d)  Count Four charges Ms. Burton with a violation of 18
U.S.C. § 1512(k)(conspiracy to obstruct justice by
tampering with evidence).

    2.  **RESOLUTION OF CHARGES.**  Ms. Burton will plead guilty to
Counts One and Two of the Superseding Indictment, which charge her
with violations of 21 U.S.C. § 846 and 18 U.S.C. §§ 924(c)(1)(A),
924(j)(1) and 2, violations of the federal criminal statutes
referred to in paragraph 1 above. Following final disposition, the
United States will move the Court to dismiss Counts Three and Four
in Criminal No. 2:05-00155 as to Ms. Burton.

    3.  **DEATH SENTENCE.**  Count Two is a death-penalty eligible
offense. In exchange for Ms. Burton pleading guilty pursuant to
the terms of this plea agreement, the United States agrees not to
file a death penalty notice under 18 U.S.C. § 3593(a). Absent the
filing of a death penalty notice, a death sentence cannot be
imposed.

    4.  **ATTORNEY GENERAL APPROVAL.**  It is understood that the
Attorney General of the United States has approved this plea
agreement, as required by Department of Justice policy.

    5.  **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which
Ms. Burton will be exposed by virtue of this guilty plea is as
follows:

COUNT ONE:

    (a)  Imprisonment for a period of up to 20 years;

_____          _____
PATRICIA BURTON                    Date Signed
Defendant

_____          _____
TROY N. GIATRAS, ESQUIRE           Date Signed
Counsel for Defendant

Troy N. Giatras, Esquire
November 16, 2005
Page 3                                      Re:  Patricia Burton


    (b)    A fine of $1 million, or twice the gross pecuniary gain
           or twice the gross pecuniary loss resulting from
           defendant's conduct, whichever is greater;

    (c)    A term of supervised release of 3 years;

    (d)    A mandatory special assessment of $100.00 pursuant to 18
           U.S.C. § 3013;

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny
           certain federal benefits to Ms. Burton for a period of 5
           years; and

    (f)    Restitution as may be ordered by the Court pursuant to 18
           U.S.C. §§ 3663 and 3664.

COUNT TWO:

    (a)    Imprisonment for a period of a minimum mandatory 10 years
           to life;

    (b)    A fine of $250,000, or twice the gross pecuniary gain or
           twice the gross pecuniary loss resulting from defendant's
           conduct, whichever is greater;

    (c)    A term of supervised release of 5 years;

    (d)    A mandatory special assessment of $100.00 pursuant to 18
           U.S.C. § 3013; and

    (e)    Restitution as may be ordered by the Court pursuant to 18
           U.S.C. §§ 3663A and 3664.


PATRICIA BURTON                          11/17/05
Defendant                                Date Signed


TROY N. GIATRAS, ESQUIRE                 11/26/05
Counsel for Defendant                    Date Signed

Case 2:05-cr-00107   Document 1356   Filed 05/05/10   Page 9 of 13
11/16/2005 04:32 FAX 304 347 7074        USAO ADMIN                                    ☒005
Case 2:05-cr-00155   Document 35   Filed 12/09/05   Page 4 of 8

Troy N. Giatras, Esquire
November 16, 2005
Page 4                          Re:  Patricia Burton


TOTAL MAXIMUM:

    (a)   Imprisonment for a period of up to 20 years on Count One
          followed consecutively by a minimum mandatory 10 years to
          life;

    (b)   A fine of $1,250,000, or twice the gross pecuniary gain
          or twice the gross pecuniary loss resulting from
          defendant's conduct, whichever is greater;

    (c)   A term of supervised release of 5 years;

    (d)   A mandatory special assessment of $200.00 pursuant to 18
          U.S.C. § 3013;

    (e)   Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny
          certain federal benefits to Ms. Burton for a period of 5
          years; and

    (f)   Restitution as may be ordered by the Court pursuant to 18
          U.S.C. §§ 3663, 3663A and 3664.

    6.   **SPECIAL ASSESSMENT**.  Ms. Burton has submitted certified
financial statements to the United States reflecting that she is
without sufficient funds to pay the special assessment due upon
conviction in this case.  Ms. Burton agrees that, if incarcerated,
she will join the Inmate Financial Responsibility Program, earnings
from which will be applied toward payment of the special
assessment.

    7.   **COOPERATION**.  Ms. Burton will be forthright and truthful
with this office and other law enforcement agencies with regard to
all inquiries made pursuant to this agreement, and will give
signed, sworn statements and grand jury and trial testimony upon
request of the United States.  In complying with this provision,


_____          _____
PATRICIA BURTON                           Date/Signed
Defendant                                 11/17/05


_____          _____
TROY N. GIATRAS, ESQUIRE                  Date Signed
Counsel for Defendant                     11/26/05

Troy N. Giatras, Esquire
November 16, 2005
Page 5                          Re:  Patricia Burton


Ms. Burton may have counsel present except when appearing before a
grand jury.

    8.    **USE IMMUNITY.**  Unless this agreement becomes void due to
a violation of any of its terms by Ms. Burton, nothing contained in
any statement or testimony provided by her pursuant to this
agreement, or any evidence developed therefrom, will be used
against Ms. Burton, directly or indirectly, in any further criminal
prosecutions or in determining the applicable guideline range under
the Federal Sentencing Guidelines.

    9.    **LIMITATIONS ON IMMUNITY.**   Nothing contained in this
agreement restricts the use of information obtained by the United
States from an independent, legitimate source, separate and apart
from any information and testimony provided pursuant to this
agreement, in determining the applicable guideline range or in
prosecuting Ms. Burton for any violations of federal or state laws.
The United States reserves the right to prosecute Ms. Burton for
perjury or false statement if such a situation should occur
pursuant to this agreement.

    10.   **WAIVER OF DNA TESTING.**  Ms. Burton acknowledges that she
has been advised that the United States possesses items of physical
evidence that could be subjected to DNA testing and that the United
States has submitted several items for DNA testing, but does not
intend to test every item that may potentially contain biological
material.   The items of physical evidence include, but are not
limited to the following:

    Sexual assault kit, pulled head and pubic hair from the
    victim, nail scrapings from the victim, nail found in sock,
    shoe located in grave, possible cigarette butt found in grave,
    two shovels, six shirts, one blouse, one pair of pants, two
    pairs of bluejeans, one sweatshirt, one sock, one body bag,
    plastic bags located with victim in grave, three swabs from


_____          _____
PATRICIA BURTON                          Date Signed
Defendant


_____          _____
TROY N. GIATRAS, ESQUIRE                 Date Signed
Counsel for Defendant

11/18/2005 04:33 FAX 304 347 7074          USAO ADMIN                              ☒007
                Case 2:05-cr-00155   Document 35   Filed 12/09/05   Page 6 of 8

Troy N. Giatras, Esquire
November 16, 2005
Page 6                              Re:  Patricia Burton


        beer cans, two pairs of tennis shoes, a DNA blood card, and a
        strand of hair.

            Ms. Burton agrees to waive her right under 18 U.S.C. § 3600 to
        request DNA testing of evidence in this case, including the right
        to request such testing after conviction.  Ms. Burton specifically
        agrees that:

        (a)  this waiver applies to DNA testing on all items of
             evidence identified in this Agreement and on any other
             item of evidence in this case that could be subjected to
             DNA testing;

        (b)  she waives the right to request DNA testing in the
             current proceedings, in any proceeding following
             conviction under 18 U.S.C. § 3600, and in any other type
             of proceeding in which DNA testing may be requested,
             including motions for collateral relief pursuant to 28
             U.S.C. § 2255 or 28 U.S.C. § 2241;

        (c)  as a result of this waiver, she will never have another
             opportunity to have the evidence in this case submitted
             for DNA testing or to employ the results of DNA testing
             to support a claim that she is innocent of the offenses
             to which she has agreed to plead guilty; and

        (d)  she has fully discussed the significance of DNA testing
             with her attorney, and that she is fully satisfied with
             her attorney's explanation and advice concerning DNA
             testing and the consequences of waiving the right to
             request DNA testing.

            11.  **PAYMENT OF MONETARY PENALTIES.**  Ms. Burton agrees not to
        object to the District Court ordering all monetary penalties
        (including the special assessment, fine, court costs, and any


        _____          _____
        PATRICIA BURTON                               Date Signed   11/17/05
        Defendant

        _____          _____
        TROY N. GIATRAS, ESQUIRE                      Date Signed   11/20/05
        Counsel for Defendant

Case 2:05-cr-00107   Document 1356   Filed 05/05/10   Page 12 of 13
11/18/2005 04:33 FAX 304 347 7074          USAO ADMIN                    @008
Case 2:05-cr-00155   Document 35   Filed 12/09/05   Page 7 of 8

Troy N. Giatras, Esquire
November 16, 2005
Page 7                              Re:  Patricia Burton


restitution that does not exceed the amount set forth in this plea
agreement) to be due and payable in full immediately and subject to
immediate enforcement by the United States. So long as the monetary
penalties are ordered to be due and payable in full immediately,
Ms. Burton further agrees not to object to the District Court
imposing any schedule of payments as merely a minimum schedule of
payments and not the only method, nor a limitation on the methods,
available to the United States to enforce the judgment.

  12.  **APPEAL OF FINE**.  The United States and Ms. Burton agree
that neither will seek appellate review of any order of the
District Court imposing a fine unless the fine imposed is in excess
of the range provided for the offense of conviction by the United
States Sentencing Guidelines.

  13.  **FINAL DISPOSITION**.  The matter of sentencing is within
the sole discretion of the Court.  The United States has made no
representations or promises as to a specific sentence.  The United
States reserves the right to:

  (a)  Inform the Probation Office and the Court of all relevant
       facts and conduct;

  (b)  Present evidence and argument relevant to the factors
       enumerated in 18 U.S.C. § 3553(a);

  (c)  Respond to questions raised by the Court;

  (d)  Correct inaccuracies or inadequacies in the presentence
       report;

  (e)  Respond to statements made to the Court by or on behalf
       of Ms. Burton;



_Patricia Burton_                         _11/17/05_
PATRICIA BURTON                           Date/Signed
Defendant

_Troy N. Giatras_                         _11/26/05_
TROY N. GIATRAS, ESQUIRE                   Date Signed
Counsel for Defendant

Troy N. Giatras, Esquire
November 16, 2005
Page 8                                    Re:  Patricia Burton


    (f)   Advise the Court concerning the nature and extent of Ms.
        Burton's cooperation; and

    (g)   Address the Court regarding the issue of Ms. Burton's
        acceptance of responsibility.

    14.  **VOIDING OF AGREEMENT.**   If either the United States or
Ms. Burton violates the terms of this agreement, the other party
will have the right to void this agreement.  If the Court refuses
to accept this agreement, it shall be void.

    15.  **ENTIRETY OF AGREEMENT.**   This written agreement
constitutes the entire agreement between the United States and Ms.
Burton in this matter.  There are no agreements, understandings or
recommendations as to any other pending or future charges against
Ms. Burton in any Court other than the United States District Court
for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:


                          CHARLES T. MILLER
                          Acting United States Attorney

              By:

                          RICHARD E. BURNS
                          Assistant United States Attorney


REB/plp

I hereby acknowledge by my signature at the bottom of each page of
this eight-page agreement that I have read, understand and agree to
each of the terms and conditions set forth in this agreement.


PATRICIA BURTON                          11/17/05
Defendant                                Date Signed


TROY N. GIATRAS, ESQUIRE                  11/26/05
Counsel for Defendant                    Date Signed