**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5003**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

  v.

GEORGE M. LECCO, a/k/a Porgy,

        Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   John T. Copenhaver, Jr., District Judge.   (2:05-cr-00107-1)

Submitted:   June 20, 2011            Decided:   July 13, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia; Amy L. Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.   R. Booth Goodwin II, United States Attorney, E. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Lecco appeals his conviction, following a jury trial, of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2006); one count of use of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1) (2006); two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006); four counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006); one count of murder with a firearm during a cocaine conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A), (j) (2006); one count of witness tampering by killing, in violation of 18 U.S.C. § 1512(a)(1)(C) (2006); one count of witness retaliation by killing, in violation of 18 U.S.C. § 1513(a)(1)(B) (2006); and one count of conspiracy to destroy and conceal evidence, in violation of 18 U.S.C. § 1512(k) (2006).  Lecco's convictions arose from his cocaine distribution and hiring of Patricia Burton and Valeri Friend to murder Carla Collins in retaliation for her telling police that Lecco continued to deal cocaine and carry firearms after agreeing to assist police in their drug investigation.

On appeal, Lecco argues that (1) the district court erred in admitting statements Burton or Friend made to Collins during the murder implicating Lecco; (2) the district court erred in excluding evidence that Lecco was a "fixer" in the

2

community; (3) the district court erred in excluding statements made to police to show police misconduct during the investigation; and (4) the Government violated Lecco's Fifth Amendment rights by presenting perjured testimony at trial. Finding no reversible error, we affirm.

We review for abuse of discretion a trial court's rulings on the admissibility of evidence. United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). A statement is not hearsay if it is offered against the defendant and is a statement of a co-conspirator of the defendant made "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). For a statement to be admissible under Rule 801(d)(2)(E), the government must show by a preponderance of the evidence that (1) a conspiracy existed of which the defendant was a member; and (2) the co-conspirator's statement was made in furtherance of the conspiracy. United States v. Neal, 78 F.3d 901, 905 (4th Cir. 1996). A co-conspirator's statement is made "in furtherance of" a conspiracy "if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect." United States v. Shores, 33 F.3d 438, 443 (4th Cir. 1994). We broadly construe the "in furtherance" requirement, such that "even casual relationships to the conspiracy suffice to satisfy the exception." United States v. Smith, 441 F.3d 254, 262 (4th Cir. 2006) (upholding the admission of a co-

3

conspirator's explanation, in a drug conspiracy, that he had obtained drugs through a robbery); see also United States v. Robinson, 367 F.3d 278, 292 (5th Cir. 2004) (upholding the admission of a co-conspirator's threat to kill a government informant because he had "snitched" on the leader of the conspiracy).

Lecco contends that the district court abused its discretion in admitting Burton and Friend's explanation to Collins that they were killing her at Lecco's request. We disagree. The district court correctly held that the explanation was in furtherance of the conspiracy because it effectively furthered the retaliatory goal of the conspiracy. Further, the explanation was intended to remind the co-conspirators of the penalty for failing to carry out the conspiracy's goals, and it was not unduly prejudicial.

Lecco next argues that the district court abused its discretion when it excluded evidence of his helpfulness. Rule 404(a), Fed. R. Evid., deems inadmissible evidence of a person's character "for the purpose of proving action in conformity therewith," excepting "evidence of a pertinent trait of character offered by an accused." Proof of such a trait may be made by reputation or opinion testimony in all cases, and if the trait is an essential element of the charge, claim, or defense, specific instances of conduct also may be admitted. Fed. R.

4

Evid. 405; see also United States v. Gravely, 840 F.2d 1156, 1164 (4th Cir. 1988) ("Unless evidence of character is an essential element of a charge, claim or defense, proof of character is limited to general good character (reputation as a good person and law abiding citizen).").

Here, Lecco sought to introduce evidence that he had helped people in his community on several occasions in an attempt to show that he only helped his friends bury Collins after the murder.  Evidence of character, however, is not an essential element of any of the charges that were brought against Lecco, see 18 U.S.C. §§ 922(g)(1), 924(c)(1), (j) 1512(a)(1)(C), (k), 1513(a)(1)(B); 21 U.S.C. §§ 841(a)(1), 846, nor did he raise a defense with a character element.  Moreover, as the district court held, Lecco's status as a "fixer" is not a pertinent character trait, as the fact that he helped members of the community in noncriminal matters did not make it more likely that he would bury a body after a murder for which he was not otherwise culpable.

Lecco's third claim is also without merit.  Lecco challenges the district court's exclusion of a witness's false statements to police.  At trial, Lecco argued that those statements were similar enough to another witness's concededly false statements to suggest police misconduct during the investigation.  The district court excluded them, finding that

5

they were hearsay, "at best," and that they were otherwise irrelevant and immaterial.

Although we agree with Lecco that the proffered evidence was not hearsay, as it was not offered for the truth of the matter asserted, Fed. R. Evid. 801(c), we hold that it was within the district court's discretion to exclude the evidence as irrelevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "[R]elevance typically presents a low barrier to admissibility." United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003). Thus, to be relevant, "evidence need only be 'worth consideration by the jury,' or have a 'plus value.'" Id. (quoting United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997)). However, relevancy must be determined "in relation to the charges and claims being tried, rather than in the context of defenses which might have been raised but were not." United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005).

Prior to his attempted introduction of the false statements, Lecco did not argue police misconduct as a defense; rather, his theory was that the murder was the result of an out-of-control cocaine binge with which he was not involved. Because police manipulation did not tend to prove Lecco's claim

6

that the witnesses lied to police to protect themselves, we hold that the district court did not abuse its discretion in excluding the statements as irrelevant.

Finally, Lecco claims that the Government denied him due process when it called Friend, but not Burton, to testify. Essentially, Lecco argues that Friend's testimony was so "diametrically opposed" to Burton's that the Government knowingly presented perjured testimony by calling only Friend. The government "may not knowingly use false evidence, including false testimony, to obtain a tainted conviction." Napue v. Illinois, 360 U.S. 264, 269 (1959). In order to establish a due process violation, a claimant must show "the falsity and materiality of the testimony and the prosecutor's knowledge of its falsity." Basden v. Lee, 290 F.3d 602, 614 (4th Cir. 2002). Perjured testimony is material "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." Id. (internal quotation marks omitted).

Lecco has not shown that the Government deprived him of due process by calling Friend to testify rather than Burton because he has not shown that the Government knew of any falsity in Friend's testimony or that the testimony was material. Lecco falsely characterizes the Government's assertion at Burton's sentencing hearing that Burton "was the first to come forward with at least the closest true story of what happened to

7

Collins," and he has not established that Friend and Burton's slightly differing accounts of the murder could have affected the judgment of the jury.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>