```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**GEORGE M. LECCO,**

      Movant,

v.                                                    Civil Action No. 2:22-cv-00491

**UNITED STATES OF AMERICA,**

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the proposed findings and recommendations ("PF&R") (ECF 1480) submitted by the Honorable Cheryl A. Eifert, United States Magistrate Judge, on June 13, 2024, and movant's letter-form objections thereto ("movant's objections") (ECF No. 1481), filed July 17, 2024.

Also before the court are movant's <u>pro</u> <u>se</u> Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 United States Code section 2255, (ECF 1460), filed October 27, 2022; and a motion to dismiss contained in the respondent's response, (ECF 1469), filed January 12, 2023.

I.  **BACKGROUND**

The procedural history provided by the PR&R not being contested, the court restates only the relevant portions herein.

In 2010 following a jury trial, the court convicted movant of one count of murder with a firearm during a cocaine conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A), (j); one count of witness tampering by killing, in violation of 18 U.S.C. § 1512(a)(1)(C); one count of witness retaliation by killing, in violation of 18 U.S.C. § 1513(a)(1)(B); one count of conspiracy to destroy and conceal evidence, in violation of 18 U.S.C. § 1512(k); one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; one count of use of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1); one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). United States v. Lecco, 438 F. App'x 187, 189 (4th Cir. 2011).

Movant appealed, arguing that the trial court erred in its evidentiary rulings and that the government violated his Fifth Amendment rights by presenting perjured testimony at trial. See Lecco, 438 F. App'x at 189. The Fourth Circuit Court of Appeals affirmed his conviction in 2011, finding no reversible error. Id. Movant filed a petition for writ of

certiorari with the United States Supreme Court which was denied on December 12, 2011. See 565 U.S. 1100, No. 11-7318.

In 2021, movant filed a section 2241 habeas petition in the Northern District of West Virginia, challenging his section 992(g) felon-in-possession conviction as invalid under Rehaif v. United States, 139 S. Ct. 2191 (2019). See Lecco v. Adams, No. 3:20-CV-133, 2021 WL 6284915, at *1 (N.D.W. Va., Nov. 29, 2021), report and recommendation adopted, No. 3:20-CV-133, 2022 WL 55538 (N.D.W. Va., Jan. 4, 2022). The Northern District dismissed his petition for lack of jurisdiction. Id.

On October 23, 2022, movant filed the instant section 2255 motion. See Motion, ECF No. 1460 at 12. He also filed a motion for leave to file a memorandum to support his motion, see motion (ECF 1461), and a corresponding memorandum, see Memorandum of Points and Authorities in Support of Motion Pursuant to 28 U.S.C. § 2255(f)(3) (ECF 1462).

The United States filed a response which included a motion to dismiss. See United States' Response to Motion under 28 U.S.C. § 2255 to Vacate Sentence by a Person in Federal Custody (ECF No. 1469). Respondent argues that the movant's motion is untimely as it was filed more than a decade after his convictions became final, and section 2255(f)(3)'s alternate start date for the limitations period does not apply. Id. at 6.

3

Respondent also contends that the movant's challenges to the authority and jurisdiction of the court and the United States Attorney are frivolous and without merit.  Id. at 10-12.

Movant filed a reply, citing additional precedent in support of his motion.  See Movant's Reply to Motion under 28 U.S.C. § 2255 to Vacate Sentence by a Person in Federal Custody, (ECF 1478).  The magistrate judge entered the PF&R on June 13, 2023, see PF&R, to which movant filed objections on July 17, 2023, see Movant's Objections.

## II.  LEGAL STANDARD

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made.  See Thomas v. Arn, 474 U.S. 140 (1985).  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4ht Cir. 1989).

4

Upon an objection to the PF&R, the court reviews de novo only "those portions of the report . . . to which objection is made. 28 U.S.C. § 636(b)(1); see also Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) ("De novo review is not required or necessary when a party makes general or conclusory objections that do not direct the court to a specific error . . . ."); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the [PF&R]." United States v. Hernandez-Aguilar, 359 F. Supp. 3d 331, 334 (E.D.N.C. 2019).

### III. ANALYSIS

A. Timeliness of Objections

The court first determines whether movant's objections were timely filed. Because the PF&R was served on movant by mail, his objections were due by June 30, 2023. PF&R at 12. The Clerk did not enter the objections onto the docket until July 17, 2023. See Movant's Objections. Movant is incarcerated, so his objections are deemed filed when he delivers the document to prison authorities for forwarding to

5

the Clerk.  <u>Houston v. Lack</u>, 487 U.S. 266 (1988); <u>Rivera v. Virginia Dep't of Corr.</u>, 693 F. App'x 240 (4th Cir. 2017).

There is no evidence in the record to determine when the objections were delivered to prison authorities.  Movant signed a Certificate of Service on July 13, 2023, stating that a copy of his objections was sent by first-class mail to the U.S. Attorney at 845 Fifth Avenue, Room 209, Huntington, WV 25701.  Movant's Objections at 17.  Movant further states in his objection that he received the PF&R on June 23, 2023, ten days after the clerk filed the PF&R.  <u>Id.</u> at 1.  He requests

> indulgence [from the court] . . . as [the federal prison] has been subjected to many "lockdowns" that has prevented movant from being able to access the law library to gather case law to present to this [c]ourt in order to object to the [PF&R].

<u>Id.</u>  In support of his request, movant alleges the federal prison's "lackadaisical concern for handling inmates' legal mail" and he claims that another inmate heard an officer state that "mail is 'staked [sic] up to the ceiling,' and will be handled when they 'get to it.'" <u>Id.</u>

Inasmuch as movant proceeds <u>pro se</u>, is incarcerated, and proffered reasons for filing his objections out of time, and inasmuch as the government has not responded to movant's objections on the basis of timeliness or for any other reason, the court finds movant's objections to have been timely filed.

### B. Movant's Objections

The court is required to construe pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Though movant's filing lacks specificity, the court discerns several objections and addresses them below.

#### i. One-year Statute of Limitations

A section 2255 motion to vacate must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); see also PF&R at 5. Finality occurs when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." Clay v. United States, 537 U.S. 522, 527 (2003). The Supreme Court denied movant's petition for a writ of certiorari on December 12, 2011. Accordingly, the one-year deadline for filing a section 2255 motion began on that date.

As Judge Eifert concluded, and movant does not contest, he filed his motion on October 23, 2022. Houston, 487 U.S. at 270-271. Inasmuch as the motion was filed ten years after the limitations period expired, it is untimely.

Despite his concession that he filed his section 2255 motion "over nine years after the conclusion of direct review," movant objects to the statute of limitations on constitutional grounds. Movant's Objections at 2. He argues that the Supreme Court's decision in Dobbs v. Jackson Women's Health Organization, 142 S. Ct. 2228 (2022) renders the one-year statute of limitations unconstitutional because the Supreme Court in Dobbs applied a "strict textualist interpretation of the Constitution," and that the one-year limitation violated the Suspension Clause of the Constitution. Movant's Objections at 2-3 (citing Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 116 (2020)). He suggests that section 2255(3) applies to his claims because the Supreme Court in Dobbs recognized a new right that would be retroactively applicable to cases on collateral review.

Judge Eifert aptly concluded that movant misreads Dobbs, as the Supreme Court did not recognize any new right that would trigger the start date in subsection (f)(3). See PF&R at 6. The one-year limitation under subsection (f)(1) applies. Id.

To the extent movant responds in objection to Judge Eifert's conclusion and argues that section 2255's limitations period is unconstitutional, that claim fails. The Fourth

8

Circuit has found meritless claims that the section 2255 limitations period violates the Suspension Clause.  United States v. Acevedo, 153 F.3d 722 (4th Cir. 1998) (per curiam).  The limitations period is constitutional and bars movant's motion.

        ii.    Jurisdiction

Movant asserts that the Supreme Court's decision in Dobbs effectively abrogated the federal government's criminal jurisdiction.  See Movant's Objections at 3.  Judge Eifert addressed this contention in the PF&R when she emphasized that Dobbs specified that its holding would not threaten the Court's constitutional precedents: "to ensure that our decision is not misunderstood or mischaracterized, we emphasize that our decision concerns the constitutional right to abortion and no other right. Nothing in this opinion should be understood to cast doubt on precedents that do not concern abortion."  Dobbs, 142 S.Ct. at 2277-78.  Inasmuch as movant reiterates his position that Dobbs requires a strict textualist interpretation of the Constitution to his claims and such interpretation strips the court of jurisdiction, his contentions fail for the same reasons explained by Judge Eifert in the PF&R.

### iii. Commerce Clause

Movant further contends that his convictions are invalid because the Constitution does not explicitly authorize Congress to criminalize the kind of conduct underlying his convictions, and the statutes under which he was convicted have been rendered unconstitutional. See Movant's Objections at 4-10. Movant maintains that Judge Eifert's reference to Congress's ability to pass criminal statutes regarding those crimes explicitly mentioned in Article I, Section 8 "opens the door to a counter-argument regarding the power 'to establish post offices,' in relation to [Congress's] power under the Commerce Clause . . . ." Movant's Objections at 10. Movant suggests that the Commerce Clause limits Congress's authority to "transporting the mails on the railroads," "keeping those highways of interstate commerce free from obstruction," and "remov[ing] obstructions from the highways." Id. at 10-11.

To the extent that movant's statements can be construed as an objection to Judge Eifert's conclusion that the Congress has authority under the Commerce Clause to criminalize the conduct which lead to movant's convictions, movant's objection is meritless. As Judge Eifert explained in the PF&R,

> "[m]ost federal criminal laws today stem from the Commerce Clause: Article I, Section 8 of the Constitution permits Congress 'to regulate commerce

> . . . among the several states.' This phrase does not strictly limit Congress to regulating only interstate commerce itself, as the Supreme Court has interpreted the Commerce Clause as empowering Congress to regulate, and thus, criminalize, classed of conduct which it rationally determines will *affect* interstate commerce.

PF&R at 8 (citing Perez v. United States, 402 U.S. 146, 150 (1971). Judge Eifert's analysis regarding the specific crimes for which movant was convicted and their corresponding federal statutes supports the conclusion that "all the statutes under which movant was convicted are constitutional exercises of Congress' enumerated powers." Id. at 10-11.

### iv. Miscellaneous objections

Finally, movant reiterates claims questioning standing of the United States Attorney to prosecute and declaring the court's adjudication as treasonous. See Movant's Objections at 12-13. These claims were adequately addressed by Judge Eifert in the PF&R, and movant's contentions are so frivolous that they need not be analyzed further by the court.

## IV. CONCLUSION

For the foregoing reasons, the court finds that movant has failed to demonstrate that he is entitled to relief by way of his objections, and the court adopts Judge Eifert's findings and recommendations in full.

Accordingly, it is ORDERED that:

1. The findings made in the magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. Respondent's Motion to Dismiss (ECF 1469) is GRANTED;

3. Movant's Motion to Vacate, Set Aside, or Correct Sentence (ECF 1460) be, and it hereby is, DENIED;

4. Petitioner's Section 2255 Petition (ECF 1460) is DISMISSED; and

5. This civil action be, and it hereby is, DISMISSED from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: November 13, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

12